[No. 20273.    In Bank. — October 6, 1887.]  .

THE PEOPLE, RESPONDENT, v. FRANK MEYER, APPELLANT.

CRIMINAL LAW — CONFESSION OF PRIOR CONVICTIONS — READING INFORMATION — EVIDENCE — INSTRUCTIONS. — Where a defendant who is charged by information with petit larceny, and also with previous convictions of the same offense, on his arraignment pleads not guilty to the principal offense, but confesses the prior convictions, it is error to read to the jury the portion of the information relating to the previous convictions, or to offer any evidence thereon, or to instruct the jury to find whether the defendant had suffered a previous conviction.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*John D'Arcy*, for Appellant.

*Attorney-General Johnson*, for Respondent.

THORNTON, J. — The defendant is accused by information of petit larceny, and four previous convictions of petit larceny. On his arraignment, he pleaded not guilty of the petit larceny charged in the information, and confessed and pleaded guilty to the prior convictions.

The bill of exceptions recites: "At said trial, the clerk of the court, after having read the first part of the information, which charged the crime of petit larceny, as herein stated, was proceeding to read the second part, which charged the prior conviction, as above stated and set forth, when defendant's counsel interposed an objection, on the ground that the reading of anything relative to the prior conviction was prohibited by section 1093 of the Penal Code. The court overruled said objection, and defendant's counsel duly excepted. The clerk then read to the jury that part of the information which charged the defendant with having suffered the prior conviction aforesaid, and as herein set forth. The prosecution was proceeding to present to the jury evidence that defendant had suffered said prior conviction, when defendant's counsel objected, on the ground that such evidence was irrelevant, immaterial, and incompetent. The court overruled said objection, and defendant's counsel duly excepted. A witness then testified that defendant had suffered said prior conviction. The prosecution then offered in evidence the record of defendant's said prior conviction, when defendant's counsel objected, on the ground that said evidence was irrelevant, immaterial, and incompetent. The court overruled said objection, and defendant's counsel duly excepted. The record of defendant's said prior conviction was then read to the jury."

Each of the foregoing rulings was error. (*People* v. *Carlton*, 57 Cal. 559; *People* v. *Brooks*, 65 Cal. 295; *Ex parte Young Ah Gow, ante*, p. 438.) The defendant having confessed the previous conviction, the reading to the jury of that part of the information which related to the previous conviction is directly contrary to law. It is inhibited in section 1093 of the Penal Code. (See also Pen. Code, sec. 1158.) When the previous conviction is confessed, the jury has nothing to do with it. It is error then to offer any evidence to the jury in re-

lation to it.   (Pen. Code, sec. 1158; and cases above cited.)

The court also erred in telling the jury that they must find whether the defendant had suffered a previous conviction.   This is contrary to the statute.   (Pen. Code, sec. 1158.)   This is only to be done by the jury when the previous conviction is denied.   (Pen. Code, secs. 1093, 1158.)

That the defendant was prejudiced by the above rulings of the court, we can entertain no doubt.

For these errors, the judgment and order are reversed, and cause remanded for a new trial.

SEARLS, C. J., McFARLAND, J., PATERSON, J., and SHARPSTEIN, J., concurred.