[Crim. No. 35.    Department Two.—November 13, 1895.]

THE  PEOPLE, RESPONDENT, v. S.  J.  THOMAS, APPELLANT.

CRIMINAL LAW—BURGLARY—PRIOR CONVICTION—PLEA—EVIDENCE—AD-
MISSIONS OF DEFENDANT.—Where a defendant, accused of burglary and
of a prior conviction of burglary, pleads guilty to the prior conviction,
and not guilty as to the offense charged, it is the intent of the code, in
such case, to keep all information from the jury as to the previous con-
viction; and the plea of guilty thereof is only intended for the informa-
tion of the court in determining the punishment to be imposed in case
of conviction; and it is prejudicial error to admit evidence of declara-
tions of the defendant that he had served a term in the state's prison
under the prior conviction.

APPEAL from a judgment of the Superior Court of Ala-
meda County and from an order denying a new trial.
JOHN ELLSWORTH, Judge.

The facts are stated in the opinion of the court.

*W. F. Sullivan,* and *I. F. Chapman,* for Appellant.

It was error to permit evidence of the declarations of the defendant that he had been convicted of a felony, he not having been sworn as a witness, and the evidence of another offense by his declarations was immaterial, irrelevant, and incompetent. (*People* v. *Cunningham,* 66 Cal. 671; *Commonwealth* v. *Keyes,* 11 Gray, 323; *Commonwealth* v. *Campbell,* 155 Mass. 537.)

*W. F. Fitzgerald, Attorney General,* and *Charles H. Jackson, Deputy Attorney General,* for Respondent.

The admissions of the defendant, though not sufficient to base a conviction upon, were admissible for what they were worth. (*People* v. *Thrall,* 50 Cal. 415; *People* v. *Jones,* 31 Cal. 565; *People* v. *Hennessey,* 15 Wend. 147; *People* v. *Badgley,* 16 Wend. 53; *State* v. *Guild,* 10 N. J. L. 163; 18 Am. Dec. 404; *People* v. *Rulloff,* 3 Park. C. C. 401; *Mayor of New York* v. *Walker,* 4 E. D. Smith, 258.)

HAYNES, C.—The defendant was convicted of burglary in the first degree and sentenced to imprisonment at San Quentin for twenty-five years, and this appeal is from an order denying his motion for a new trial. The information charged a burglary committed at the county of Alameda in October, 1894, and also charged a prior conviction of the crime of burglary in the superior court of said county on October 15, 1890.

Upon arraignment the defendant confessed the prior conviction, and, as to the offense charged in the information, pleaded not guilty. Upon the trial a witness called on the part of the prosecution was permitted, over the objection of defendant, to testify to the following conversation which he had with the defendant after his arrest and while the witness had him in custody, namely: "I says to the defendant, Ain't it a fact that you served two years in San Quentin, from Alameda county, for burglary? He said: No, I served two years in Folsom for burglary." The ruling of the court was duly excepted to, and is the only error relied upon.

Section 1158 of the Penal Code provides that the jury, if they find a verdict of guilty of the offense with which the defendant is charged, "must also, unless the answer of the defendant admits the charge, find whether or not he has suffered such previous conviction."

Subdivision 1 of section 1093 of the Penal Code is as follows: "If the indictment or information be for felony, the clerk must read it, and state the plea of the defendant to the jury; and, in cases where it charges a

previous conviction, and the defendant has confessed. the same, the clerk, in reading it, shall omit therefrom all that relates to such previous conviction."

From these provisions it is clear that if, upon arraignment, the defendant denies the prior conviction alleged in the indictment or information, that issue, as well as the issue raised by his plea of not guilty of the principal charge, must be submitted to the jury; but if, upon the arraignment, the defendant admits the previous conviction, all information touching a prior conviction must be withheld from the jury. The object had in view in charging a previous conviction is not for the purpose of evidence as to the commission of the offense upon which the defendant is to be tried, but for the information of the court in determining the punishment to be imposed in case of conviction, as is clearly shown by sections 666 and 667 of the Penal Code.

The record here does not disclose upon its face whether the clerk, in reading the information to the jury, read that part relating to the prior conviction. It must be assumed, therefore, that he complied with the provision in section 1093, which requires him, in reading the indictment to the jury, to omit therefrom all that relates to such previous conviction, and that, therefore, the jury were not informed of the prior conviction, otherwise than from the testimony of said witness. If the clerk had read that portion of the information to the jury, it would have been error requiring a reversal of the judgment (*People* v. *Sansome*, 84 Cal. 449), and no such error will be presumed.

In *People* v. *Sansome, supra,* the defendant objected to the reading of that part of the indictment which charged a prior conviction, and to the statement of his plea thereto. The court overruled the objection, and the clerk stated " that to the said charge of prior conviction that the defendant confessed the same, and he was guilty." This court there held that the ruling of the court was clearly erroneous, and said, among other things, that " the evident purpose of the provision of

the code above quoted was to keep from the jurors all knowledge that the person on trial before them had been previously convicted of a criminal offense. And this is based upon the well-settled and familiar principles of law and right."

In *People* v. *Wheatley*, 88 Cal. 117, it was said: " He may plead simply not guilty, and thus put in issue every material allegation of the indictment or information; or he may plead not guilty of the principal offense charged, and confess the previous conviction. If he confesses the previous conviction, then the clerk, in reading the indictment or information to the jury, must omit therefrom all that relates to such previous convictions, and no testimony in regard to them can be offered or reference to them be made during the trial."

In the case at bar, the defendant having, upon arraignment, confessed the prior conviction, or pleaded guilty thereto, there was no issue as to the prior conviction to which the testimony was applicable. It was not an admission that he had committed the offense upon which he was being tried, and was wholly inadmissible as evidence tending to prove the commission of that offense, while it thwarted the very purpose of the code provision which requires the clerk to omit all that relates to the prior conviction when he reads the information to the jury. The admission of the evidence objected to was not only erroneous, but highly prejudicial to the defendant.

The judgment and order should be reversed and a new trial granted.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed and a new trial granted.

McFARLAND, J., HENSHAW, J., TEMPLE, J.