[Crim. No. 1716.   Third Appellate District.—January 29, 1940.]

## THE PEOPLE, Respondent, v. WILLIAM HOBBS, Appellant.

Huston, Huston & Huston for Appellant.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—Appellant was charged with petit theft in stealing two gang plows, and also with having suffered a prior conviction of petit theft, and a prior conviction of robbery.

In a second information defendant was charged with grand theft, a felony, in stealing a disc plow, and was therein charged with a prior conviction of robbery.

He entered pleas of not guilty to each of the two informations, except that in both he admitted the prior convictions.

The two cases were consolidated for trial, and the jury found the defendant guilty of petit theft as charged in the first information, and guilty of petit theft, an offense included in the charge contained in the second information.

This appeal is from the judgment and from the order denying a new trial. The only ground for reversal is based upon the fact that although upon his arraignment defendant admitted the prior convictions alleged in the informations, the clerk of the court, following the impanelment of the jury, read the first count of the first information in its entirety and without eliminating therefrom the words, ''with prior conviction of petit theft''.

Immediately upon the completion of the reading of the information, defendant moved for a mistrial and a discharge of the jury on the ground that it was error for the clerk to make any reference to the prior conviction. This motion was denied, but at the conclusion of the trial, the court, in its instructions to the jury, charged them upon this matter as follows:

''When Count One of that Information was read to you, it being a formal charge, it contained certain language which does not concern you in this matter at all. It referred to petty theft, known as a felony and it was this: 'The said William Hobbs is accused by the District Attorney of and for the county of Yolo, State of California, by this amended Information, of the crime of petty theft, with prior conviction of petty theft, a felony, committed as follows:' Any reference to a prior conviction has nothing to do with your consideration at all. You must not consider it in the least. You would be violating your oath if you did. The only question for you to decide is whether or not William Hobbs did, on or about the 18th day of July, 1939, in the County of Yolo, State of California, then and there being, did then and there wilfully, unlawfully and feloniously steal, take and carry away one four gang P and O plow and one three gang P and O plow, all of the value of $100.00 in lawful money of the United States, and the personal property of M. E. Dole, and you should only consider the evidence submitted to you here in court on that matter.''

The question for solution is, first, did the reference to the prior conviction constitute error, and secondly, if so, was it cured by the court's instruction? That it was error is not seriously denied. Section 1025 of the Penal Code provides that, ''In case the defendant pleads not guilty and answers that he has suffered the previous conviction, the charge of the previous conviction must not be read to the jury nor

alluded to on the trial;'' and in subdivision I, section 1093, of the Penal Code, in prescribing the order of the proceedings at the trial, it is set forth that if the indictment or information be for a felony (as was in the instant case) the clerk shall read it, and state the plea of the defendant, and in cases where a previous conviction is charged, and the defendant has confessed the same, the clerk, in reading it, shall omit therefrom all that relates to such previous conviction.

The People cite *People* v. *Darnel,* 28 Cal. App. (2d) 122 [82 Pac. (2d) 209], where a witness inadvertently confused one defendant with another and referred to a prior conviction, thinking he was speaking of the other defendant. The appellate court there held that the mistake and misunderstanding was that of the witness, for which counsel was not to blame. Upon discovering the mistake the witness corrected his testimony and the court admonished the jury to disregard the former testimony. It was held the defendant could not complain.

In *People* v. *Mock Don Yuen,* 67 Cal. App. 597 [227 Pac. 948], the district attorney inadvertently asked a question involving a prior conviction. The court admonished the jury ''to disregard any statement about any prior or previous conviction''. This court held the defendant was not prejudiced. It is to be remembered, however, that in that case the defendant at first denied the previous conviction, but during the course of the trial, changed his plea and admitted the prior conviction. The previous conviction had therefore been alluded to several times, so the inadvertent reference to the fact by the district attorney very probably did not prejudice the defendant in the minds of the jury, especially after the court's admonition to disregard it.

Respondent also cites *People* v. *Smith,* 96 Cal. App. 373 [274 Pac. 451], where the court interrupted the clerk before he had finished reading the objectionable portion of the information, the clerk merely reading, ''that before the commission of the offense charged in this information, said defendant Henry J. Peterson, in the Superior Court of the State of Washington—''. No objection was noted by counsel, the court did not admonish the jury, and the reviewing court held that the words read to the jury merely indicated that a codefendant had been in the superior court of the State of Washington, and therefore the error was harmless.

In *People* v. *Rogers*, 94 Cal. App. 470 [271 Pac. 351], the reading by the clerk to the jury, of a prior conviction which the defendant had admitted, was held to be error but did not result in a miscarriage of justice because the defendant took the stand in his own behalf (contrary to the fact here) and upon impeaching cross-examination, admitted the same priors referred to by the clerk. As the court there pointed out, "It would not be reasonable to believe that, if the reference to prior convictions made by the clerk in reading the information and by the trial judge in giving his instructions had been eliminated, the jury's verdict would have been different where evidence of the same priors remained before them given from the mouth of the defendant himself."

In *People* v. *Sansome*, 84 Cal. 449 [24 Pac. 143], the clerk read to the jury the entire indictment including the charge and confession of a prior conviction. This was held to be reversible error in spite of the fact defendant, during the trial, offered in evidence a pardon for the offense, and also in spite of an instruction by the court to the jury that they had nothing to do with the prior conviction, but their sole duty was to determine whether the alleged robbery was committed, and if it was, whether defendant committed it. Here the instruction given did admonish the jury that any reference to a prior conviction had nothing to do with their consideration of the case and that they must not consider it in the least, and to do so would be a violation of their oath as jurors. They were not told, however, that the fact of a prior conviction had been wrongfully imparted to them. Also the instruction was not given at the time of the error, which occurred at the very beginning of the trial, but came at the conclusion of all of the evidence and after the jury had been allowed, throughout the course of the whole trial, to take such fact into consideration in weighing the testimony submitted.

The present situation is somewhat analogous to the reference to an insurance carrier in a personal injury action. There the courts are quick to protect the injured party,— here the appellant stood to lose his freedom rather than his money.

In view of the clear and specific provisions of the code, and having in mind the quite universal conviction that a man having once committed an offense is more inclined to offend again, we do not believe under the circumstances here

that this instruction by the court entirely removed the taint of such prior conviction.

The judgment and order denying a new trial are reversed.

Thompson, J., and Tuttle, J., concurred.