[Crim. No. 1827.   Third Dist.   June 12, 1943.]

THE PEOPLE, Respondent, v. HALLIE HAROLD HUD-GINS, Appellant.

Manwell & Manwell for Appellant.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

THOMPSON, J.—Defendant was charged by an information and convicted upon a jury trial of a violation of section 502 of the California Vehicle Code. That section makes it unlawful for one under the influence of intoxicating liquor to drive a vehicle upon any highway. This same section of the code provides for increased punishment in the event of a subsequent violation and conviction.

The information also charged that defendant had suffered a prior conviction of this same offense. The charge of a prior conviction conferred jurisdiction on the superior court. This was true by virtue of the provisions of section 1425 of the Penal Code which limit Class B justices courts to the trial of crimes amounting to misdemeanors, punishable by a fine not exceeding $1,000, or imprisonment not exceeding six months. Violation of section 502 of the Vehicle Code is only a misdemeanor, but by virtue of the provisions thereof, the punishment imposed, upon a second or subsequent conviction thereunder, may be a fine of $1,000 or imprisonment in the county jail for one year or by both such fine and imprisonment. The provision making possible imprisonment in the county jail for a period in excess of six months placed the matter beyond the jurisdiction of the justice's court and consequently required the arraignment of defendant within the jurisdiction of the superior court.

The proceedings on arraignment of defendant, as disclosed by the record, were as follows:

"By the Court: People vs. Hudgins. Arraignment and plea.

By the District Attorney: We are ready.

By Mr. Manwell: We will waive the reading of the information.

By the Court: The District Attorney filed an information in which you are charged under the name of Hallie Harold Hudgins, is that your true name?

By the Defendant: Yes sir.

By the Court: You are now ready to plead?

By the Defendant: Yes sir.

By the Court: What is your plea?

By the Defendant: Not guilty.

By Mr. Manwell: The defendant will admit the prior.

By the Court: That isn't necessary."

After the selection of the jury, and at the commencement of the trial, the clerk of the court read to the jury the information, including that portion thereof which charged defendant with a prior conviction. Mr. Manwell, attorney for defendant, immediately stated his desire to address a motion to the court, in the absence of the jury. The motion made is as follows:

"For the purpose of the record we wish to move the Court to declare a mistrial on the ground the clerk committed a prejudicial error in reading that portion of the information in reference to the previous conviction, under the provisions of section 1025 of the Penal Code."

The district attorney resisted this motion, and cited as authority therefor the case of *People* v. *Forrester,* 116 Cal. App. 240 [2 P.2d 558], to the effect that where, as in the instant case, a prior conviction is an essential element of the crime of which defendant is charged, it is proper for the clerk to read that portion of the information which charges such prior conviction. The trial judge expressed a view in conformity with the position taken by the district attorney and the motion made by defendant's attorney was denied.

In the opening statement to the jury the district attorney referred to the charge of a prior conviction and stated that the People would prove that defendant had previously been convicted of a violation of section 502 of the California Vehicle Code. The attorney for defendant then objected to any reference by the district attorney to the prior conviction and cited it as prejudicial misconduct. Thereafter, and through-

out the trial of defendant, including the instructions of the court to the jury, the charge of the prior conviction of defendant was alluded to as an integral part of the offense for which he was brought to trial. Evidence of two prior convictions against defendant for violations of section 502 of the Vehicle Code were introduced by the prosecution during the trial. The objection of defendant's attorney was overruled.

The jury returned a verdict finding the defendant guilty of the offense set forth in the information. The motion of defendant for a new trial was denied and this appeal is from the order denying such motion and from the judgment of conviction.

It is contended that the trial court committed error at the time of arraignment in failing and refusing to entertain defendant's plea to the prior conviction charged in the information; in permitting the clerk to read that portion of the information pertaining to the prior convictions; in permitting the district attorney to allude to the prior convictions during the trial and to introduce evidence of proof of such prior convictions; and in exceeding its discretion in commenting on the evidence before the submission of the case to the jury.

The first three specifications of error allegedly committed are directly concerned with the application of the provisions of section 1025 of the Penal Code to the circumstances as they exist in the present case. Section 1025 provides as follows:

"When a defendant who is charged in the indictment or information with having suffered a previous conviction, pleads either guilty or not guilty of the offense for which he is indicted or informed against, he must be asked whether he has suffered such previous conviction. If he answers that he has, his answer must be entered by the clerk in the minutes of the court, and must, unless withdrawn by consent of the court, be conclusive of the fact of his having suffered such previous conviction in all subsequent proceedings. If he answers that he has not, his answer must be entered by the clerk in the minutes of the court, and the question whether or not he has suffered such previous conviction must be tried by the jury which tries the issue upon the plea of not guilty, or in case of a plea of guilty, by a jury impaneled for that purpose. The refusal of the defendant to answer is equivalent to a denial that he has suffered such previous conviction.

In case the defendant pleads not guilty, and answers that he has suffered the previous conviction, the charge of the previous conviction must not be read to the jury, nor alluded to on the trial.''

By reference to the proceedings on arraignment which have heretofore been set forth, it is disclosed that the trial court not only failed to ask defendant whether he had suffered the previous conviction charged in the information, but refused to recognize defendant's voluntary admission that he had suffered such previous conviction. This action on the part of the trial court preceded, as already indicated, the reading to the jury by the clerk of that portion of the information charging the prior conviction, and further reference to the prior conviction by alluding thereto throughout the trial.

The provisions of section 1025 of the Penal Code are direct and unambiguous in meaning. There is no controversy in regard to the construction of its language. That section clearly requires the trial court at the time of entering the plea to interrogate the defendant in regard to the matter of a previous conviction where the information contains such a charge. The trial court failed to comply with this provision of the section and in effect refused to accept defendant's admission of such prior conviction. Section 1025 further provides that if the defendant pleads not guilty of the offense for which he is charged ''and answers that he has suffered the previous conviction, the charge of the previous conviction must not be read to the jury, nor alluded to on the trial.''

It must be conceded that defendant's offer upon the arraignment to admit the prior conviction constituted an admission that he had suffered such previous conviction within the meaning of the provisions of the foregoing section of the Penal Code. It follows therefore that any subsequent reference to such previous conviction by the clerk of the court, the prosecution, or by the trial court would be in direct conflict with the provisions of section 1025, and consequently constitutes prejudicial and reversible error. This conclusion is inescapable unless the provisions of section 1025 of the Penal Code do not apply to the circumstances presented in the instant case.

The respondent argues that the prosecution of defendant for violation of section 502 of the California Vehicle Code was not subject to the application of the provisions of section 1025 of the Penal Code and that no error was committed in

alluding to the previous conviction of defendant. It is contended that a prior conviction for violation of section 502 of the Vehicle Code is an essential element of the crime committed by a subsequent violation thereunder, and that therefore the situation is comparable to that presented in other cases wherein section 1025 of the Code has been held not to apply.

The principal case relied upon by respondent is *People* v. *Forrester, supra,* wherein the defendant was charged with unlawful possession of a certain firearm. Possession of any firearm capable of concealment upon the person is unlawful under the provisions of chapter 339, Statutes of 1923 (Act 1970, Deering's Gen. Laws of 1923), if such person is not a citizen of the United States of America, or if such person has been convicted of a felony. The information in the Forrester case charged defendant with violation of the foregoing statute in that he did have in his possession a firearm capable of concealment, and that he had prior thereto been duly convicted of a felony, to wit, the crime of burglary. The defendant entered a plea of not guilty, and admitted the prior conviction of the felony. As in the instant case, the clerk read the entire information to the jury, including the charge of the prior conviction, and the court also admitted evidence establishing the fact of the former conviction notwithstanding objections on the part of defendant. On appeal it was contended that the admission of the evidence pertaining to the former conviction was prohibited by the terms of section 1025 of the Penal Code. The court held that section 1025 did not apply to the circumstances as presented by that particular type of crime. The reasoning of the court is contained in the following language appearing at page 242 of the opinion:

"If the foregoing provisions of section 1025 of the Penal Code apply to the offense of which the defendant was convicted in this action it would be impossible ever to convict the defendant on this charge. For the offense described in the indictment includes, as a substantive part of the offense, the fact that the person charged with having in his possession the prohibited firearm is a person 'who has been convicted of a felony against the person or property of another', etc. Notwithstanding the fact that the defendant upon his arraignment admitted the prior conviction, as separately stated in the indictment, he pleaded not guilty to the prin-

cipal offense and thereby put in issue the alleged fact that, at the stated time and place, he had in his possession the described firearm, he having been theretofore legally convicted of a felony, to wit, burglary, etc. Considering the two statutes together we are satisfied that the provisions of section 1025 of the Penal Code were not intended to apply to a case where the fact of former conviction is an integral part of the present offense concerning which the defendant is brought to trial.''

Respondent also relies upon the case of *People* v. *McFarlan*, 126 Cal.App. 777 [14 P.2d 1066], wherein the identical question of the application of section 1025 of the Penal Code, under circumstances involving the charge of unlawful possession of a firearm by one formerly convicted of a felony, was before the court on appeal. The court employed the same reasoning contained in the opinion of the court in the Forrester case, *supra,* and concluded that the provisions of section 1025 of the Penal Code were not applicable.

It is disclosed by an examination of the Forrester and McFarlan cases, *supra,* that a violation of the crimes charged therein required proof of two essential elements: First, the possession of a firearm capable of concealment upon the person, and, Second, equally important, a prior conviction of a felony. The possession of the firearm is not unlawful unless the other element is present. Consequently, the prior conviction of a felony is not only a necessary element in constituting a violation of the particular crime, but is an issue which must be presented to the jury to complete the crime charged.

Section 502 of the California Vehicle Code provides that it shall be unlawful for any person to drive a vehicle upon any highway while under the influence of intoxicating liquor. This section of the Vehicle Code does not require as a condition precedent, in order to constitute a violation thereunder, that it be established that the intoxicated person has prior thereto driven a vehicle upon the highway while in the same condition, or that such person has theretofore been convicted of some similar crime. The crime is committed when the individual drives the vehicle upon the highway while under the influence of intoxicating liquor. Proof of this fact is sufficient. The only matters properly before the jury for consideration in such a case concern the question as to whether the defendant was at the time and place mentioned in the information driving a vehicle upon the highway while under

the influence of intoxicating liquor. A prior conviction has no bearing upon the issue presented. As already indicated, the only result of a prior conviction for violation of the foregoing section of the Vehicle Code is an increase of punishment upon conviction of the subsequent offense. The only reason for alleging the previous conviction is for the purpose of enabling the court to impose the greater punishment. There is nothing contained in the language of section 502 of the California Vehicle Code which could possibly be construed to effect a different result in the event of a charge of a subsequent violation thereunder from that which is indicated. The fact that the information charged a prior conviction, thus making possible the imposing of a greater penalty upon a conviction of a subsequent offense and thereby placing the matter beyond the jurisdiction of the justice's court only concerns the question of jurisdiction, and in no way lends support to the argument that the former conviction is an integral part of the offense for which defendant is brought to trial.

Language contained in the opinion of the court in the case of *People* v. *Oppenheimer*, 156 Cal. 733 [106 P. 74], makes a clear distinction between the type of crime where the fact of the previous conviction is an essential element of the offense charged, and the other class of crimes, such as a violation of section 502 of the Vehicle Code, which offense is in no way dependent upon a prior conviction. The pertinent language at page 738 of the opinion is as follows:

"For the purpose of showing that the defendant was guilty of the offense defined by section 246 of the Penal Code, it was alleged in the information that at the time of the alleged assault he was undergoing a life sentence in the California state prison at San Quentin under and by virtue of a certain described judgment of the superior court of Sacramento County. It was essential of course to allege facts showing that defendant was then undergoing a life sentence, in order to state the public offense intended to be charged. On his arraignment he was allowed, at his own request, in addition to pleading not guilty of the offense charged, to admit that he had suffered the conviction alleged in the information. He now claims that having admitted such 'previous conviction' on his arraignment, the clerk of the court in reading the information to the jury on the trial should have omitted therefrom all that related thereto (Pen. Code, sec. 1093, subd. 1),

and that no evidence relating to the same should have been received on the trial. (Pen. Code, sec. 1025.) The provisions of the Penal Code thus relied on by him have reference exclusively to those cases where a previous conviction of some other and distinct offense is alleged for the purpose of enabling the court to impose a greater punishment than is authorized for the offense charged when there is no prior conviction (see Pen. Code, secs. 666, 667, and 668), and can have no application where the fact of the prior conviction is an essential element of the offense charged.''

The question of the application of section 1025 of the Penal Code was again raised in the case of *People* v. *Schunke,* 47 Cal.App.2d 542 [118 P.2d 314], in which case the defendants were charged with the violation of the Dangerous Weapons Control Law of 1923, and the information accordingly alleged previous convictions. The opinion of the court stated that it was necessary for the prosecution to establish two elements in proof of a violation: Possession of a dangerous weapon and previous conviction of a felony. The opinion cites as authority the case of *People* v. *Oppenheimer, supra,* and in disposing of the contention that section 1025 of the Penal Code precluded the introduction of evidence pertaining to the previous convictions, the court at page 544 of the opinion stated as follows:

''These provisions refer exclusively to cases in which previous convictions are alleged for the purpose of enabling the court to impose a greater punishment. They have no reference to cases in which the prior conviction is an essential element of the offense for which the accused is on trial.''

It has been sufficiently demonstrated, we believe, in the citation of the foregoing authorities, that a prior conviction for violation of section 502 of the California Vehicle Code is in no sense an essential element for consideration in the trial of a defendant charged with a subsequent violation thereof, and that the prosecution of the defendant in the present case was unquestionably subject to the application of the provisions of section 1025 of the Penal Code.

The act of the clerk of the court in reading that portion of the information which charged the previous conviction and further reference during the trial by the prosecution and by the court to such previous conviction of defendant was a violation of section 1025 of the Penal Code and constituted preju-

dicial error. (*People* v. *Smith*, 96 Cal.App. 373 [274 P. 451] ; *People* v. *Thomas*, 110 Cal. 41 [42 P. 456].)

In view of our conclusion in regard to the action of the trial court in failing to conform to the provisions of section 1025 of the Penal Code, which action constituted reversible error, it is unnecessary to determine the question as to whether the court exceeded its authority in commenting on the evidence.

The judgment and the order are reversed.

Peek, J., and Adams, P. J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 8, 1943.