[Crim. No. 3542. First Dist., Div. Two. Mar. 20, 1959.]

THE PEOPLE, Respondent, v. TOM CHESTER DANIEL, Appellant.

Robert P. Brorby, under appointment by District Court of Appeal, and Dodge & Evans, for Appellant.

Edmund G. Brown and Stanley Mosk, Attorneys General, Clarence A. Linn, Chief Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

DOOLING, J.—Defendant appeals from a judgment entered upon a jury verdict convicting him of the unlawful possession of marijuana and from an order denying his motion for new trial.

On December 6, 1957, at about 11:30 p. m. Officers Ingram and Campbell were cruising in a police car in Oakland. They stopped abreast of an automobile parked at the intersection of Seventh and Chester Streets at which time the appellant was on the sidewalk talking to the three men in the parked automobile. As the officers got out of their automobile, Ingram testified, he saw the appellant make a stooping motion as if dropping something and after going around the back of the parked automobile he observed appellant making a kicking motion toward the curb. He found a packet containing 30 marijuana cigarettes wedged between the curb and the parked automobile opposite the point where appellant was standing. He testified

that after picking up the packet: ". . . I asked Mr. Daniel[s] at that time if he had any more stuff and he didn't make any statement."

Officer Campbell testified that as he got out of the police car he turned his flashlight into the automobile in which the other men were seated and he saw none of them make any motion such as they would have done if throwing anything out of the automobile. Appellant produced the three occupants of this automobile. They all testified that all of the windows of their automobile were tightly closed, nothing was thrown from the car, they did not see appellant drop or throw anything and they did not see Ingram pick anything up.

Appellant testified that he did not have possession of, drop, throw or kick, the packet of marijuana. He admitted that he saw Ingram pick up the packet from the curb.

The only points made for reversal are two alleged instances of misconduct in the prosecutor's argument to the jury. On cross-examination appellant admitted his previous conviction on two counts charging possession of heroin. In his opening argument the prosecutor said:

"Now, the officer picked it up at that point . . . then he said to the defendant . . . 'Is this all the stuff you have?' and the defendant said nothing. The defendant is con-wise."

Counsel for defendant (Not his present counsel on appeal) said: "I will assign that remark as misconduct, Your Honor. I don't think that is a fair statement he is con-wise. If he wants to say he didn't reply but I don't think he can accord anything like that to the evidence."

"The Court: The jury will disregard the last remarks of counsel."

█ Counsel for appellant correctly argues that the previous convictions of appellant were only admissible for impeachment and it was improper for the prosecutor in argument to refer to them for any other purpose. █ However, the court promptly admonished the jury to disregard this part of the argument and counsel for appellant did not ask the court for any further or more specific admonition, nor did he specifically point out in his objection the point now made.

In *People* v. *Braun*, 14 Cal.2d 1, 6-7 [92 P.2d 402], relied on by appellant, the court held it prejudicial error under the facts of that case for the district attorney to ask if a place where defendant admitted that he had spent some time was not "a hang-out for ex-convicts." The court said in that case, however, at page 7: "Obviously, conduct of a prosecutor which would amount to prejudicial misconduct in one case might not

result in a miscarriage of justice in another case. In other words, there is no definite rule by which asserted misconduct may be measured for the purpose of determining whether it prevented the defendant from having that fair and impartial trial which the law requires for every person charged with a crime."

Under the facts of this case we cannot find that prejudice resulted to appellant in view of the prompt instruction of the court to disregard the statement. Appellant's counsel did not specifically point out that evidence of the previous convictions could only be used to impeach appellant, nor ask the court to so instruct the jury. If he had done so we must assume that the court would have so instructed.

In his argument to the jury appellant's counsel said: "Let me tell you something that is common knowledge, it is common knowledge that people who smoke marijuana don't fool around with heroin . . . normally heroin addicts and heroin users have nothing to do with marijuana."

In his closing argument the prosecutor made this reply: "He said it is common knowledge that addicts don't use—there is no evidence in this case that a man was an addict. There is no evidence in this case that man wasn't selling. The point is the man has been convicted of a felony. That goes to his credibility. You will be instructed on that point. Again, what was the felony? It was narcotics. So counsel says narcotics addicts, heroin addicts don't use marijuana, that you can infer from the evidence and thirty cigarettes this man is a business man, merchandise on hand."

No objection was made to these statements. The references to the prior convictions of possession of heroin were clearly invited by the argument of appellant's counsel above quoted. Appellant argues however that importing into the argument that he may have been a dealer in marijuana was unsupported by any evidence and prejudicial misconduct. Appellant's counsel having opened the subject we are not satisfied that it was beyond the realm of legitimate counterargument to suggest that the possession of as large a quantity as 30 marijuana cigarettes might reasonably be explained on the hypothesis that appellant had them for sale rather than for his personal use. In any event we do not regard the argument as one that, if error, could not have been cured by timely admonition.

Judgment and order denying new trial affirmed.

Kaufman, P. J., and Draper, J., concurred.