[Crim. No. 7807.   Second Dist., Div. Three.   Nov. 30, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. GENE GORDON DAVENPORT, Defendant and Appellant.

Gene Gordon Davenport, in pro. per., for Defendant and Appellant.

Mitchel J. Ezer, A. L. Wirin and Fred Okrand as Amici Curiae on behalf of Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Carlos F. Borja, Jr., Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—Defendant Gene Gordon Davenport appeals in propria persona from a judgment of conviction in a jury trial under section 12021 of the Penal Code (Deadly Weapons Control Law) and from an order denying his motion for a new trial.

An information was filed on January 17, 1961, by the District Attorney of Los Angeles County which stated that defendant did have in his possession and under his custody and control a .38 caliber revolver, capable of being concealed upon the person and having a barrel less than twelve inches in length, the said Davenport having theretofore been convicted of the felony of forgery on March 25, 1953, in the Superior Court of the County of Los Angeles.

The trial disclosed the following facts: on July 23, 1960, Davenport and three men named Stabler, Luna and Lopez, after dining at a restaurant, left together and drove back toward their apartment, when Stabler discovered he had left a satchel in the restaurant. During this time the restaurant owner discovered what was in the satchel and notified the police. Defendant and his companions returned to the restaurant to pick up the satchel, which contained a thousand dollars, the wooden stock of a Browning pistol, some shells for a .38 pistol and some tools. When they arrived at the restaurant in a car which Luna was driving, the car was stationed in front of the restaurant and the men got out, leaving the doors open and the motor running. Stabler went inside, where he drew a gun and was arrested by the waiting officers after a struggle. Luna and Davenport went part way to the door of the restaurant. When two of the officers came from the restaurant Luna and Davenport ran away. They were overtaken by the officers, Davenport was subdued by force, and both men were arrested. The officers took from the right trousers pocket of Davenport a loaded .38 caliber pistol with a two inch barrel, and from another pocket some live .38 cartridges.

Defendant testified that as they got out of the car Stabler handed him the gun and some shells; he protested to Stabler that he did not want the gun, but he took it and the shells and put the gun in his pocket. Stabler, returned from prison on court order, as defendant's witness, testified that he owned and was carrying three guns; he shoved one gun and some shells toward Luna, stuck another gun in defendant's pocket and gave him some shells; defendant protested that he did not want the gun. Defendant testified that he and Stabler had been together in Mexico and had been used to carrying guns. Stabler did not threaten or frighten defendant or force him to take the gun, nor did defendant endeavor to get rid of it, although he had ample opportunity to do so.

Proof was made of defendant's former conviction. This, with the uncontroverted evidence that defendant had

the gun in his possession and under his control, was conclusive proof of his guilt. The fact that he objected to taking the gun only proved that he knew what he was doing.

Defendant complains that the rulings of the trial judge deprived him of a fair trial. The record refutes this contention. Defendant discharged the public defender and represented himself. He was given every opportunity to establish a defense, but had none to offer. Both before and during the trial he made a variety of motions and unreasonable demands, which the court entertained and ruled upon fairly. Progress of the trial was unreasonably impeded by the receipt of a great deal of immaterial and irrelevant evidence. Defendant had seven inmates of the county jail, several of them convicted felons, brought to court as his witnesses. None of them could give testimony which related, even remotely, to the question of defendant's guilt. Not only was defendant accorded all the privileges to which he was entitled but he was permitted to consume the time of the court, the district attorney and the jury in tedious and pointless efforts to avoid the consequences of his own sworn admissions. Equally without substance is defendant's complaint of unfair and prejudicial statements of the district attorney in argument to the jury. The record discloses none.

It will be clear from the foregoing that the interests of the defendant or the state would not be served were we to seize upon technical errors of procedure as a reason for sending the case back for a retrial which could only result in a second conviction of defendant. There are, however, certain other points deserving of discussion, although they have no merit.

One contention is that defendant was deprived of a substantial right through the court's denial of his request for the production of Luna as a witness. Luna had been returned to prison for violation of parole. Defendant made a motion under section 2621 of the Penal Code for an order for the transfer of Luna from a state prison outside the county. The section provides in part that in a criminal case if a material witness is a prisoner in a state prison an order for his temporary removal from such prison and for his production before the court may be made by the superior court of the county in which such action or examination is pending, or by a judge thereof, ''but in case the prison is out of the county in which the application is made, such order shall be made only upon the affidavit of the district attorney or of the defendant or his counsel, showing that the testimony is material and neces-

sary; and even then the granting of the order shall be in the discretion of said superior court or a judge thereof.''

Davenport made a certificate for the purpose of obtaining Luna as a witness which stated ''That Roberto Castillo Luna will testify for the defense in the above entitled cause. That the testimony in part will be for the purpose of corroborating the petitioner's and other defense witnesses' testimony. Mr. Luna was at one time a codefendant and is aware of the particulars leading up to and culminating in the arrest of petitioner. By virtue of the fact that said Roberto Castillo Luna was present and is an eye witness to the crime of which affiant has been falsely charged, affiant will be deprived of a fair trial if the said Roberto Castillo Luna is not brought before this Honorable Court to give testimony on behalf of affiant. That he will give further testimony.''

In the briefs it is contended that the procedure for the production of a witness from a prison outside the county is in violation of defendant's constitutional right to have the process of the court for the production of witnesses, as guaranteed by article I, section 13 of the California Constitution. The argument is that section 2621 purports to empower the court in its discretion to refuse to order the production of a witness even though his testimony is shown to be material and necessary for the defense. It is upon this obviously false premise that the briefs base the charge of unconstitutionality. Attributing an unreasonable meaning to the section, it is contended that the production of witnesses whose testimony is alleged to be material and necessary to the defense is a matter of right and not subject to the court's discretion. A plain answer is that the court is given discretion to determine whether facts stated in the affidavit or certificate amount to a sufficient and satisfactory representation of the materiality of the testimony of the witness and the necessity for his production. It was held in *Willard* v. *Superior Court*, 82 Cal. 456 [22 P. 1120], and again in *People* v. *Willard*, 92 Cal. 482 [28 P. 585], that an accused has a right to have a witness brought from a state prison outside the county, provided a showing is made by affidavit to the satisfaction of the court that the prisoner is a material and necessary witness; it rests within the discretion of the court to determine whether the showing of materiality and necessity is sufficient.

There was an insufficient showing that the testimony that Luna might give would be material or necessary to the

defense. There was no showing that there were any facts to be testified to by Luna which would have aided the defense, nor a statement of any fact that would be testified to by defendant or his witnesses to which Luna also could or would testify. Although it was represented that Luna "was aware of the particulars" and was "an eye witness," there was no statement that he would testify that Davenport did not have in his possession a deadly weapon as charged in the information.

The facts of the present case well illustrate the necessity for a satisfactory showing for the production of a witness from a state prison. If Luna had been produced and had corroborated the testimony of Davenport and Stabler, it would only have added to the evidence of defendant's guilt. The court did not err in denying defendant's motion.

■ ■ The record discloses that, when arraigned, defendant entered a general plea of not guilty, and that the jury made no special finding as to the alleged prior conviction, the verdict returned being: "We, the Jury in the above entitled action, find the Defendant Gene Gordon Davenport guilty of Violation of Dangerous Weapons Control Law, a felony, as charged in the information."

It is contended that the verdict was a nullity in that it failed to state whether defendant was found to have suffered a prior conviction of felony. The argument is based upon section 1158 of the Penal Code, which provides, in substance, that when a former conviction is alleged "unless the answer of the defendant admits such previous conviction," the verdict of the jury or the finding of the court shall be that the charge of the former conviction is true or that it is untrue. This section is inapplicable. It is complementary to section 1025 of the Code which relates to former convictions which, if established, increase the severity of the punishment that may be imposed for the later offense. Read together the two sections prescribe procedure, from plea to verdict, in prosecutions in which the accused is called upon to admit or deny a former conviction.

None of this procedure is appropriate in a prosecution under section 12021 of the Penal Code, in which a former conviction is an element of the later offense. A general plea of not guilty puts in issue the fact of the former conviction. The defendant is not called upon to either admit or deny the former conviction, which must be proved independently of any attempted admission. These propositions are well settled. (*People* v.

*Forrester,* 116 Cal.App. 240 [2 P.2d 558] ; *People* v. *Oppen-heimer,* 156 Cal. 733 [106 P. 74] ; *People* v. *Schunke,* 47 Cal. App.2d 542 [118 P.2d 314] ; *People* v. *Hudgins,* 59 Cal. App.2d 175 [138 P.2d 311].) The verdict of guilt in the instant case was necessarily a finding that defendant had suffered the former conviction. This was sufficient.

█ The information was filed January 17. On February 21 trial was set for March 21. Continuances were had to April 14 at defendant's request, to enable him to prepare for trial. The delay in fixing the trial date was due primarily to proceedings instituted by defendant, principally, a motion for dismissal under section 995 Penal Code. During the 60-day period following filing of the information defendant made no request for a trial within that period and he did not object to March 21 as the date of trial. He made a motion on the latter date for dismissal under section 1382, Penal Code, for failure to bring the case to trial within the 60-day period. The motion was properly denied. Defendant's silence during the 60-day period amounted to implied consent to trial at a later date. (*People* v. *Akers,* 143 Cal.App.2d 224 [299 P.2d 398].)

There are no other points urged in the briefs which require determination.

The judgment and the order appealed from are affirmed.

Ford, J., and Files, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 23, 1963.