[Crim. No. 8050. Second Dist., Div. Three. Feb. 11, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. WARREN FRANK GALLINGER, Defendant and Appellant.

Richard M. Moore, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—Warren F. Gallinger was accused by information of the crime of petty theft with a prior conviction of petty theft. (Pen. Code, § 666.) It was also alleged that he had suffered a prior conviction of grand theft. Also charged by the same information was Ollie N. Jackson, who was accused of petty theft with a prior conviction of grand theft. Upon arraignment each defendant pleaded not guilty and denied the prior convictions. Defendants had a jury trial in which Gallinger was convicted and the allegation of the prior conviction of the grand theft was found to be true. Presumably Jackson also was convicted. Each defendant acted as his own attorney at the trial. We have only the appeal of Gallinger in propria persona from the judgment.

We appointed counsel on the appeal and briefs have been filed.

The People produced evidence that the defendants were caught in the act of breaking into a parking meter box and taking $2.29 therefrom. The defense of Gallinger was that although he and Jackson were found at the site of the broken box and $2.29 in small coins was recovered from the ground in the vicinity of the box they did not commit the theft. It is unnecessary to state the evidence further than to say that it was legally sufficient to prove that Gallinger participated in breaking into the box and abstracting the money.

The prior conviction of Gallinger of petty theft was alleged to have been suffered July 15, 1960, and the conviction of grand theft was alleged to have been suffered December 22, 1947. As to Jackson, in addition to alleging the crime of petty theft with a prior conviction of "theft auto, a felony, February 6, 1950," it was alleged that he had been convicted of several felonies.

At the commencement of the trial certain proceedings were had in chambers with respect to the former convictions of the defendants. The court explained to the defendants what the procedure would be, depending upon their denial or admission of the former convictions.

The court informed the defendants, as to their alleged felony convictions, that if they were admitted they would not be referred to during the trial unless the defendants took the stand, in which event they could be questioned regarding the same. The court explained to Gallinger that the alleged conviction of petty theft was an element of the crime with which he was charged and that it would have to be proved by the People; also that the district attorney could comment on the former conviction of petty theft "because that is part of the basic charge. In order to make this charge of petty theft a felony, it has to be with a prior petty theft, so he can comment on that."

In chambers, Gallinger was questioned by the district attorney whether he admitted or denied the former conviction of petty theft and also whether he admitted or denied the conviction of grand theft as alleged in the information. Gallinger admitted both convictions. Jackson admitted all the convictions charged against him in the information, saying that all of them were for out-of-state offenses.

However, no evidence was produced by the People with respect to the former conviction of Gallinger of petty theft.

Jackson did not testify. Gallinger testified in his own behalf. On cross-examination he was not questioned with respect to his prior conviction of petty theft, but admitted his conviction of grand theft as alleged in the information and three other felonies, for all of which offenses he had served terms in prison.

The prosecution proceeded upon the theory that the offense of petty theft with a former conviction of petty theft is a felony consisting of two elements, each of which must be proved. The information stated that defendant was accused of "the crime of petty theft with a prior conviction of petty theft." The People presented a printed instruction which, if given in its entirety, would have submitted to the jury the question of the $2.29 theft as charged, and also the question of the prior conviction. As given to the jury the issue as to the prior conviction was withdrawn and the instruction stated "The defendant Gallinger is charged with the offense of petty theft alleged to have been committed after he previously had been convicted of petty theft and had served a term of imprisonment because of said conviction. Defendant Gallinger has admitted the prior conviction of petty theft."

It is contended that it was error requiring reversal of the judgment to permit the jury to learn that Gallinger had suffered the prior conviction of petty theft for the reason that section 1025 of the Penal Code provides in material part that if a prior conviction is alleged, the defendant must be asked whether he admits or denies it, and if he admits it, the matter may not be alluded to in the trial. If he denies it, the court or jury must find whether the allegation is true or false. (Pen. Code, § 1158.)

Section 1093 requires that the clerk read the information, but if a prior conviction is alleged he must omit reading that allegation. Section 969 of the Penal Code provides that prior convictions, including convictions of petty theft, must be alleged in the information.

In many cases, and probably in the majority of the prosecutions for felony, prior convictions are alleged which are wholly unrelated to the crime for which the defendant is on trial, such as burglary with a prior conviction of burglary. In such cases it is invariably held that if the defendant is questioned pursuant to section 1025 with respect to the prior felony conviction and admits it, the jury must not be permitted to learn of it in any manner unless it be through cross-examination if the defendant offers himself as a witness

(*People* v. *Sansome,* 84 Cal. 449 [24 P. 143] ; *People* v. *Thomas,* 110 Cal. 41 [42 P. 456] ; *People* v. *Daniel,* 169 Cal.App. 2d 10 [336 P.2d 556] ; 48 Cal.Jur.2d 430) ; and even then the jury must be told to consider the matter of the former felony conviction only as it may affect the credibility of the defendant.

Upon the other hand, if the former conviction is an element of the offense for which the defendant is being tried, as in a prosecution under section 12021 of the Penal Code, which makes it a felony for an exconvict to be in possession of a firearm, the prior felony conviction, as well as the possession of the firearm, must be proved and determined by the court or jury. The defendant cannot, by admitting the felony conviction out of the presence of the jury, avoid proof of the fact as evidence for the consideration of the jury. (*People* v. *Davenport,* 210 Cal.App.2d 335 [26 Cal.Rptr. 753], and cases cited.) In such cases sections 1025 and 1093 can have no application, since whenever the fact of a felony conviction is an element of the offense the defendant could never be convicted without evidence before the trier of fact that the conviction had been suffered.

Since there was no evidence that Gallinger had suffered the former conviction of petty theft, and the jury was instructed that he had admitted that conviction, the question is whether the giving of the instruction was justified upon any theory.

When the information alleges prior convictions unrelated to the crime for which the defendant is on trial, proof of the former convictions is irrelevant to the question of guilt of the later offense, and if the defendant, outside the presence of the jury, denies the former conviction, the trier of fact must determine whether the allegation is true or false (Pen. Code § 1158) ; but if it is found to be true the fact goes only to the matter of punishment that may be imposed.

However, it has been held, in effect, in prosecutions for petty theft with a prior conviction of petty theft, that the fact of the former conviction is not an element of the crime. (*People* v. *Meyer,* 73 Cal. 548 [15 P. 95] ; *People* v. *Hudgins,* 59 Cal.App.2d 175 [138 P.2d 311] ; *People* v. *Hobbs,* 37 Cal. App.2d 8 [98 P.2d 775].)

*People* v. *Hudgins, supra,* was a prosecution for violation of section 502 of the Vehicle Code, a misdemeanor, it being alleged that the defendant had previously been convicted of violation of that section. A single violation was punishable as

a misdemeanor by imprisonment for not exceeding six months or a fine of $1,000 or both, whereas under the same section a second conviction of violation was punishable by imprisonment in the county jail for not over one year and a fine not to exceed $1,000 or both. The prosecution was instituted in the justice court but was transferred to the superior court for the reason that the penalty that could be imposed for a second conviction was in excess of the jurisdiction of the justice court. Upon the trial, proof was made of the former conviction. This was held to be error requiring a reversal of the judgment, the court holding that the fact of the former conviction was alleged and was to be proved only as it might bear upon the penalty that might be imposed. Section 1025 was held to be applicable as in cases of prosecution for felony where a previous felony conviction is alleged. The theory of the court appears to have been that since violation of section 502 was a misdemeanor, in itself, the prior conviction was no part of the offense for which the defendant was on trial. For this reason the court distinguished the offense from one under the Deadly Weapons Control Act (Pen. Code, § 12021), which makes possession of a firearm by an exconvict a felony.

In *People* v. *Hobbs, supra,* 37 Cal.App.2d 8, the prosecution was for petty theft with a former conviction of petty theft. The clerk read the information without eliminating the words ''With a prior conviction of petty theft.'' Holding that the mention of the prior conviction was in violation of sections 1025 and 1093 the court found the error to be prejudicial and reversed the conviction.

In *People* v. *Meyer, supra,* 73 Cal. 548, the defendant was charged with petty larceny with several former convictions of petty larceny. Over objection the clerk read the information without omitting the allegation of the prior convictions and they were proved in the trial. The procedure was held to be in violation of section 1093 and the judgment was reversed.

There are several conflicting theories of procedure in a prosecution under section 666, namely: The prior conviction is an element of the offense which must be proved to the jury; it is an element of the crime which may be admitted and the jury advised of the admission and: The former conviction is not an element of the offense and, if it has been admitted by defendant, the jury must not be permitted to learn of it.

In view of the decisions we have mentioned, such prosecutions should be conducted as if the former misdemeanor conviction is not an element of the crime of felony. Un-

der this theory, if the defendant has admitted the former conviction, the jury will not be informed of that fact and will determine only whether he committed the second misdemeanor.

Since it was error to instruct that Gallinger had admitted the prior conviction of petty theft, the judgment must be reversed.

The judgment is reversed.

Ford, J., and Files, J., concurred.