[Crim. No. 14797.   Second Dist., Div. Five.   May 20, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. BENNIE
PIERSON, Defendant and Appellant.

Albert D. Silverman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Brian Amer, Deputy Attorney General, for Plaintiff and Respondent.

REPPY, J.—Defendant was accused by information with a violation of section 245 of the Penal Code (assault with a deadly weapon) and by separate information with a violation of section 667 of the Penal Code (petty theft with a prior felony conviction).[1] The cases were tried coincidentally by the court, the defendant and both counsel having properly waived a jury. Defendant was convicted of both offenses and sentenced to state prison. Defendant's appeals are from the judgments of conviction.

Defendant does not dispute the section 245 conviction. He does not claim lack of substance in the evidence with respect

---

[1] In the instant case the information alleged that defendant had suffered more than one prior felony conviction (all arising from the same trial), although only one prior is required.to be alleged under section 667.

to the section 667 conviction. Thus it is unnecessary to detail the facts. We confirm, however, that there was substantial evidence to support both convictions. (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778].)

Defendant does assert with respect to the petty-theft-with-prior-felony violation that the trial court erred in not separately arraigning him for the prior felonies, claiming that this was required by section 1025 of the Penal Code, and in not subsequently specially finding the priors to be true, claiming that this was required by section 1158 of the Penal Code.

Both section 1025 and section 1158 of the Penal Code are part of a statutory scheme designed to provide for increased penalties for habitual offenders; section 1025 is also calculated to reduce the possibility of jury prejudice against an accused due to the introduction into evidence of his prior misconduct.

The general rule is that the procedures set out in the above mentioned sections (as well as in § 1093, subd. 1, of the Pen. Code) are requisites only when the prior offense is not an integral part of the current substantive offense charged (*People* v. *Cooks,* 235 Cal.App.2d 6, 14 [44 Cal.Rptr. 819]), such as in the crimes of assault with a deadly weapon by a prisoner serving a life sentence (see Pen. Code, § 4500; *People* v. *Oppenheimer,* 156 Cal. 733, 738 [106 P. 74]) and possession of a firearm by a previously convicted felon (see Pen. Code, § 12021; *People* v. *Davenport,* 210 Cal.App.2d 335, 340 [26 Cal.Rptr. 753]; *People* v. *Schunke,* 47 Cal.App.2d 542, 544-545 [118 P.2d 314]).

However, it is well settled in this state that in a prosecution for petty theft with a prior conviction of a felony, the fact of the former conviction is not an element of the crime, but merely a penalty-increasing device. (*People* v. *Gallinger,* 212 Cal.App.2d 851, 855 [28 Cal.Rptr. 472].) It is clear that the procedures of sections 1025, 1093 and 1158 are intended to apply to a charge under section 667 of the Penal Code (*People* v. *Cooks, supra,* 235 Cal.App.2d 6, 11; *People* v. *Dueber,* 34 Cal.App. 686, 690-691 [168 P. 578]; *People* v. *Hudgins,* 59 Cal.App.2d 175, 183 [138 P.2d 311]).

Turning to the case at bench, it is very difficult to determine whether the literal requirements of section 1025 were met. The only record of arraignment comes in the form of a minute order from department 100 (criminal master calendar court for Los Angeles County) where it is indicated that defendant and 12 others pleaded not guilty and trial

dates were set for each. There is no transcript from department 100, so there is no way of knowing if defendant, in fact, was separately arraigned on the current charge and the priors.

Section 1025 makes it clear that the purpose of the directed procedure is to allow a defendant to confess a charged prior so that there shall be no allusion to it in a trial before a jury. (*People* v. *Meyer,* 73 Cal. 548, 549-550 [15 P. 95] ; *People* v. *Thomas,* 110 Cal. 41, 44 [42 P. 456].) In the instant case defendant waived a jury and was tried by the court. ■ It is presumed that a trial judge will not be prejudiced in the same manner as a jury might be.[2] (*In re Hernandez,* 64 Cal.2d 850, 851 [51 Cal.Rptr. 915. 415 P.2d 803] ; *People* v. *Purvis,* 52 Cal.2d 871, 883 [346 P.2d 22] ; *People* v. *Smylie,* 217 Cal.App.2d 118, 122 [31 Cal.Rptr. 360].) Thus, in the case at bench, the purpose of section 1025 was obviated and noncompliance with section 1025 does not constitute reversible error.

■ Appellant makes no claim that the arraignment procedure used deprived him of notice of the charges pending. Thus, we must construe his plea of "not guilty" as a denial both of the current petty theft and the prior felonies, thereby putting the prosecution to its proof on both charges. (*People* v. *Eppinger,* 109 Cal. 294, 297 [41 P. 1037].)

With regard to compliance with section 1158, the record of the decision made by the trial judge after receipt of the proofs of the offense charged and the previous convictions comes in three forms: (1) in the portion of the reporter's transcript where the trial judge is reported as stating: "I find the defendant guilty as charged in this matter"; (2) in the minute record wherein it is noted by the clerk, "The Court finds defendant 'Guilty' as charged"; and (3) in the recital portion of the judgment which contains the following "Whereas the said defendant having been duly found guilty in this court of the crime of PETTY THEFT WITH A PRIOR CONVICTION OF A FELONY, TO WIT, CONSPIRACY, ROBBERY AND MURDER, felonies (Sec 667PC), a felony, as charged in the information."

Thus the record is ambiguous as to whether the trial judge made a separate finding on the current charge and the priors.

---

[2]There would be no possible way to mask a defendant's prior conviction from a trial judge sitting in superior court because petty theft is normally a misdemeanor triable in municipal court, and is tried in superior court as a felony only under the conditions set forth in Penal Code sections 666, 667 and 668.

Even assuming that he did not, it was a nonprejudicial irregularity *in this case*. It is abundantly clear that defendant did suffer the prior convictions. The People offered and the court received documents to prove the priors. They were admitted with a stipulation from the defense that defendant was the person named therein. A very similar situation occurred in *People* v. *Cooks, supra,* 235 Cal.App.2d 6, 15, where the court stated : "In the present case the prior conviction and imprisonment were clearly shown by unchallenged documentary proof. The only issue raised by the testimony of the defendant was whether at the time of the current offense he was too drunk to have any intent to steal. There was no possible reason for not finding the previous conviction true. Under the circumstances the court's statement at the close of the case cannot reasonably be construed as a finding in favor of the defendant on the prior. Certainly no one present construed it as such. The clerk's interpretation of the court's finding is reflected in the recital of the judgment that defendant had been found guilty of 'PETTY THEFT WITH A PRIOR CONVICTION OF PETTY THEFT (Sec. 666 PC), a felony, as charged in the information. . . .' The trial court's finding was irregular, but this court cannot construe it as an acquittal."

*People* v. *Huffman,* 248 Cal.App.2d 260 [56 Cal.Rptr. 255], upon which defendant relies, dealt with a charge of assault with a deadly weapon and an allegation of a prior. The case is distinguishable from the instant case because the defendant there was found specifically guilty of the assault and no disposition at all was made of the prior.

The judgments are affirmed.

Kaus, P. J., and Stephens, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 16, 1969.