[No. A024646. First Dist., Div. Five. Feb. 4, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
JUAN RODRIGUEZ ANCIRA, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

†Parts II, III, and V are not published, because they do not meet the standards for publication contained in California Rules of Court, rule 976(b).

**COUNSEL**

Leelane E. Hines for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Ann K. Jensen and Linda Ludlow, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**KING, J.**—Juan Rodriguez Ancira appeals from a judgment of conviction for petty theft with a prior (Pen. Code, § 666). We reverse as to imposition of a one-year sentence enhancement and in all other respects affirm the judgment.

On September 21, 1982, Ancira shoplifted a chain saw from a Sears store in Mountain View. A store security guard detained him and called the police. Ancira subsequently admitted to a Mountain View police officer that he had stolen the chain saw.

A jury found Ancira guilty of petty theft with a prior, and also found to be true three allegations of prior felony convictions (all for burglary). The court sentenced him to the upper term of three years' imprisonment for petty theft with a prior, plus two additional years for two of the priors (Pen. Code, § 667.5).

I.

In a pretrial motion Ancira asked to stipulate to the existence of a 1982 petty theft conviction as the Penal Code section 666 prior, and thereby preclude the prosecutor from introducing any evidence of prior felonies. The court ruled, however, that it would allow proof of one of the prior burglaries as the section 666 prior (the prosecutor had agreed to present proof of only one burglary). This ruling was apparently based on article I, section 28, subdivision (f), of the California Constitution, added by Proposition 8 on June 8, 1982, which provides in pertinent part: "When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court."

Ancira correctly argues that the court erred because section 28, subdivision (f), does not affect the rule, well-established since the 19th century, that a prior conviction under Penal Code section 666 may be the subject of a stipulation precluding its presentation to the jury. (E.g., *People* v. *Meyer* (1887) 73 Cal. 548 [15 P. 95]; *People* v. *Gallinger* (1963) 212 Cal.App.2d 851 [28 Cal.Rptr. 472].) In 1980, in *People* v. *Hall* (1980) 28 Cal.3d 143, 155-156 [167 Cal.Rptr. 844, 616 P.2d 826], the California Supreme Court extended this rule to permit an ex-felon charged with possession of a concealable firearm (Pen. Code, § 12021) to stipulate to the existence of the

prior felony and thereby preclude its presentation to the jury.[1] Subdivision (f) was obviously intended to supersede the holding in *Hall.* Upon analysis, however, it becomes equally clear that subdivision (f) was *not* intended to overrule the much older rule relied upon in *Hall,* that a defendant charged with violating section 666 may stipulate to the existence of the prior.

The disputed portion of subdivision (f) is by its own terms limited to a prior *felony* conviction. It thus applies only where a prior felony conviction is a required element of the charged offense. Penal Code section 666 does not require a prior *felony* conviction. Rather, it requires a prior conviction for "petty theft, grand theft, burglary, or robbery."[2] Petty theft is a misdemeanor, and grand theft and burglary can be either misdemeanors or felonies. The focus of section 666 is on theft-related priors; it is irrelevant whether the priors are felonies or misdemeanors. The apparent intent of the statute is to provide extra punishment for recidivist thieves, rather than ex-felons who commit petty theft. Thus, only a prior theft-related conviction, and not necessarily a prior felony conviction, is a component of a section 666 violation. Section 28, subdivision (f), is inapplicable. Had the drafters of Proposition 8 intended otherwise, they would have crafted the disputed provision differently (e.g., "When a prior conviction is an element . . . ."), as they were surely aware of the well-established rule for section 666 priors when they acted to supersede the holding in *Hall.*

In the present case, however, the court's error in refusing to permit Ancira's stipulation was harmless. The applicable rule of reversible error is that stated in *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]. (See *People* v. *Hall, supra,* 28 Cal.3d at p. 158 [applying *Watson* stan-

---

[1]The court in *Hall* also appears to have shifted the rationale for the rule permitting stipulations to section 666 priors. Some previous decisions held or inferred that the fact of the former conviction is not an "element" of an offense. (See *People* v. *Gallinger, supra,* 212 Cal.App.2d at p. 855, and cases cited therein.) *Hall* stated that under both section 666 and Penal Code section 12021 "the prior is an essential component of the felony." (*People* v. *Hall, supra,* 28 Cal.3d at p. 156.) In a footnote the Supreme Court listed *Gallinger* as one of numerous cases "disapproved to the extent that they may be inconsistent with the principles announced herein . . . ." (*Id.,* at p. 156, fn. 8.) *Gallinger's* only inconsistency with *Hall* is in its statement that the former conviction is not an element of an offense, which appears inconsistent with the "essential component" language in *Hall.* The rationale stated in *Gallinger* is seemingly replaced by *Hall's* rationale that its rule is compelled by the need to avoid prejudice from revealing prior convictions to juries. (*People* v. *Hall, supra,* 28 Cal.3d at pp. 156-157.)

[2]Penal Code section 666 was amended in 1977 to add the prior crimes of grand theft, burglary, and robbery, and to delete the prior crime of petty larceny. (Stats. 1977, ch. 296, § 1.)

dard].)[3] Ancira was identified in court as the shoplifter by both the store security guard and the arresting officer. He admitted to the arresting officer that he had stolen the chain saw. He presented no testimony or any other evidence in his own behalf. It is not reasonably probable that a result more favorable to Ancira would have occurred in the absence of the error. (*People* v. *Watson, supra,* 46 Cal.2d at p. 836.)

## II.*

. . . . . . . . . . . . . . . . . . . . . . . . .

## IV.

■   Ancira correctly contends that the court improperly imposed a one-year enhancement under Penal Code section 667.5 for the prior burglary conviction that was the basis for the charge of violating Penal Code section 666. The clerk's transcript and the court's comments at the sentencing hearing demonstrate that an enhancement was imposed for the burglary underlying the section 666 violation. This was impermissible. (See *People* v. *Edwards* (1976) 18 Cal.3d 796, 800 [135 Cal.Rptr. 411, 557 P.2d 995].) The judgment must be reversed to the extent that this enhancement was imposed.

## V.*

. . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is reversed to the extent the one-year enhancement was imposed for the prior burglary conviction that was the basis for the charge of violating Penal Code section 666. In all other respects the judgment is affirmed.

---

[3]A pre-*Hall* decision implies that the refusal to permit a stipulation to a section 666 prior is reversible per se. In *People* v. *Cooks* (1965) 235 Cal.App.2d 6, 12 [44 Cal.Rptr. 819], the court said, "Disclosure of the prior to the jury is reversible error unless proof of the prior is made necessary by defendant's refusal to admit it." However, the cases cited in *Cooks* for this proposition stated no such rule; they either simply reversed without discussing prejudice (*People* v. *Gallinger, supra,* 212 Cal.App.2d at p. 857) or found prejudice under the circumstances presented (*People* v. *Meyer, supra,* 73 Cal. at p. 550; *People* v. *Hobbs* (1940) 37 Cal.App.2d 8, 11-12 [98 P.2d 775]). The decision in *Hall* applied a *Watson* analysis to the Penal Code section 12021 situation. (*People* v. *Hall, supra,* 28 Cal.3d at pp. 157-158.) There is no reason why a *Watson* analysis should not also be applied in the section 666 situation. (See *id.,* at p. 155 [stating that admission of priors under § 12021 and § 666 is "logically indistinguishable"].)

*See footnote, *ante,* page 378.

Low, P. J., concurred.

Haning, J., concurred with the result.

A petition for a rehearing was denied March 1, 1985, and respondent's petition for a hearing by the Supreme Court was denied April 4, 1985. Lucas, J., was of the opinion that the petition should be granted.