[No. B017755. Second Dist., Div. Three. Jan. 15, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD VICTOR BENNETT, Defendant and Appellant.

COUNSEL

Gordon Orlick, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Andrew D. Amerson and Robert N. Kwong, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ARABIAN, J.—

### INTRODUCTION

Following trial by jury, defendant and appellant Richard Victor Bennett was convicted of second degree burglary (Pen. Code, § 459, count I), and petty theft with a prior grand theft conviction (Pen. Code, § 666, count II), a felony. Appellant was sentenced to state prison for a total of five years, minus custody and good time/work time credits. He appeals from the judgment of conviction. We affirm.

### CONTENTIONS

1. Inasmuch as appellant offered to stipulate to his prior grand theft conviction for purposes of the Penal Code[1] section 666 charge, the trial court erred in allowing the prosecutor to present proof of that felony prior in open court.

2. Defense counsel's failure to object to admission of the grand theft prior constitutes ineffective assistance of counsel.

---

[1] All future statutory references are to the Penal Code unless otherwise noted.

FACTS

Appellant, observed shoplifting in a Montgomery Ward store, was apprehended on the sidewalk outside the store and was arrested.

At his trial for burglary and petty theft with a prior grand theft conviction, appellant offered to stipulate to the prior in order to preclude the jury from learning of it. The prosecutor objected to the stipulation, arguing that *People v. Hall* (1980) 28 Cal.3d 143 [167 Cal.Rptr. 844, 616 P.2d 826], which approved such procedure (at pp. 155-156), did not survive Proposition 8. The trial court agreed with the prosecutor and ruled that the People could make reference to appellant's prior felony grand theft conviction before the jury to prove the section 666 violation.

Thereafter, appellant's parole officer testified that appellant served time in state prison for the prior grand theft conviction; a certified copy of the judgment on the prior was admitted into evidence. The prosecutor emphasized appellant's prior conviction and prison term in his closing argument to the jury. At one point he stated: "He went to state prison, so he served time in custody. That's what Mr. Pounds (the parole officer) was here for."

DISCUSSION

■ Appellant's contention, that his offer to stipulate to his prior felony grand theft conviction precluded proof of that prior before the jury, lacks merit.

Section 666 provides: "Every person who, having been convicted of petit theft, grand theft, burglary, or robbery and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for such offense, is subsequently convicted of petit theft, then the person convicted of such subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison."

The second sentence[2] of article I, section 28, subdivision (f) of the California Constitution (hereafter section 28, subdivision (f)), added by Proposition 8 on June 8, 1982, provides: "When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court."

---

[2] In *People v. Castro* (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111], the California Supreme Court construed language in the first sentence of subdivision (f) of section 28, article I, which declares that "[a]ny prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of impeachment . . . in any criminal proceeding." (See *People v. Valentine* (1986) 42 Cal.3d 170, 172-173 [228 Cal.Rptr. 25, 720 P.2d 913].)

This language in section 28, subdivision (f), was directed at *People* v. *Hall, supra,* 28 Cal.3d 143. (*People* v. *Valentine, supra,* 42 Cal.3d 170, 176.) In *Hall,* the California Supreme Court held that if a prior conviction is relevant only to establish the ex-felon status necessary for violation of section 12021 (ex-felon in possession of concealable firearm), and if defendant will stipulate to its existence, the jury may not learn either the *fact* or the *nature* of the prior. (*Id.,* at pp. 153-157.) In so holding, the *Hall* court relied on a Court of Appeal case which held that, if a defendant charged with a section 666 violation admits a prior *petty* theft conviction, the jury does not learn it is part of the present petty theft charge. (*Id.,* at pp. 155-156.) The rule announced in *Hall* was intended to avoid any prejudice which might result from informing the jury that the defendant was previously convicted of a felony. (*Id.,* at pp. 156-157.)

Recently, however, in *People* v. *Valentine, supra,* 42 Cal.3d 170, our Supreme Court reconsidered the *Hall* holding in light of the second sentence of section 28, subdivision (f). The *Valentine* court concluded that under the new constitutional provision, the jury must be advised of the *fact* that the defendant suffered a prior felony conviction where, as in a section 12021 charge, it is an element of the offense (*Id.,* at pp 173, 181.) On the other hand, the Supreme Court determined that, where a defendant will stipulate to the ex-felon status, evidence of the *nature* of his prior conviction "still may and should be withheld from the jury, since such evidence is irrelevant to the ex-felon issue." (*Id.,* at pp. 173, 181-182.)

Crucial to the discussion which follows is an appreciation that section 28, subdivision (f), mandates that a prior felony conviction be proven "in open court" when it is an "element" of a current felony charge. (See *People* v. *Valentine, supra,* 42 Cal.3d at p. 181, fn. 6.) Our Supreme Court observed in *Hall* and *Valentine* that the prior conviction is an element ("essential component") of the offense in both the felony petty theft situation (§ 666) and the ex-felon in possession of a concealable firearm situation (§ 12021). (*People* v. *Valentine, supra,* 42 Cal.3d at pp. 181-182, fn. 6; *People* v. *Hall, supra,* 28 Cal.3d at p. 156.)

The Supreme Court, however, has not yet addressed the effect of Proposition 8 on cases tried under section 666. In fact, the *Valentine* court specifically noted that in that case it did not confront that issue as it pertains to section 666. (*People* v. *Valentine, supra,* 42 Cal.3d at p. 182, fn. 6.)

The Courts of Appeal, however, have addressed the issue and have reached conflicting conclusions. Two cases decided subsequent to the passage of Proposition 8 hold that a defendant charged with felony petty theft may keep the jury from learning of his theft-related felony prior by stipulating to it

(see *People* v. *McGee* (1986) 186 Cal.App.3d 191 [230 Cal.Rptr. 478]; *People* v. *Ancira* (1985) 164 Cal.App.3d 378 [210 Cal.Rptr. 527]), while one case holds that a defendant may not keep evidence of such prior from the jury by means of such stipulation (see *People* v. *Callegri* (1984) 154 Cal.App.3d 856, 866-867 [202 Cal.Rptr. 109]).

In those cases which hold that Proposition 8 does not require the jury to be informed of a defendant's theft-related felony prior (*People* v. *McGee, supra,* 186 Cal.App.3d 191; *People* v. *Ancira, supra,* 164 Cal.App.3d 378), the Courts of Appeal conclude, by means of circular reasoning, that such prior is not an element of a section 666 violation. Their reasoning is as follows: (1) since section 666 requires a prior conviction for petty theft, grand theft, burglary or robbery, some of which are misdemeanors,[3] the focus of the section is on theft-related priors, not felony priors; (2) since the prosecution has the burden to show only that the defendant has a prior conviction for one of the enumerated theft-related crimes, the felonious nature of that prior is irrelevant; (3) thus, only a theft-related prior conviction, and not necessarily a prior felony conviction, is an element of a section 666 violation; and (4) since section 28, subdivision (f), applies only where a "prior felony conviction" is an element of the offense, it is inapplicable to a defendant charged with a section 666 violation. (See *People* v. *McGee, supra,* at pp. 195-196; *People* v. *Ancira, supra,* at p. 381.)

We reject the reasoning of *McGee* and *Ancira.* We adopt instead the reasoning of *People* v. *Callegri, supra,* 154 Cal.App.3d 856, in which the Court of Appeal held that a defendant may not avoid the mandate of section 28, subdivision (f), by stipulating to his theft-related prior felony conviction. (*Id.,* at pp. 866-867; see also *People* v. *McGee, supra,* 186 Cal.App.3d at pp. 198-199 (conc. and dis. opn. of Martin, J.).) *Hall* and *Valentine* require that result. In those cases our Supreme Court noted that, in the felony petty theft situation, "the prior is an *essential component* of the felony." (*People* v. *Hall, supra,* 28 Cal.3d at p. 156, italics added; see *People* v. *Valentine, supra,* 32 Cal.3d at p. 182, fn. 6.) That being so, when that prior is itself a felony, it clearly comes within the requirement of section 28, subdivision (f), that "it shall be proven to the trier of fact in open court." Although our Supreme Court held in *Valentine* (at pp. 181-182) that the *nature* of the prior felony conviction may not be proven because it is irrelevant to a section 12021 charge (since *any* felony will do), where, as here, a defendant is charged with a violation of section 666, the theft-related nature of the prior felony may be proven since it is relevant to the charge.[4]

---

[3]Petty theft is a misdemeanor (see §§ 17, 19, 490) and burglary and grand theft can be either misdemeanors or felonies (see §§ 17, 18, 19, 460, 461, 489).

[4]Contrary to appellant's argument, admission of evidence of his prior conviction meets the requirement of *People* v. *Castro, supra,* 38 Cal.3d 301, which, in another context, held that

We hold, therefore, that the trial court did not err in allowing the prosecutor to prove appellant's prior conviction for grand theft before the jury.

Our analysis makes it unnecessary to address appellant's other contention on appeal.

## DISPOSITION

The judgment is affirmed.

Klein, P. J., and Danielson, J., concurred.

---

" '[a]n important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence.' " (*Id.*, at pp. 313-314, citing *Bruton* v. *United States* (1968) 391 U.S. 123, 131, fn. 6 [20 L.Ed.2d 476, 482, 88 S.Ct. 1620].) Further, appellant argues that under *Castro*, even a relevant prior conviction may be excluded pursuant to Evidence Code section 352 if its probative value is outweighed by its prejudicial effect. While arguably that may be so, we agree with the Supreme Court's observation in *People* v. *Valentine, supra,* 42 Cal.3d 170, that "[e]ven if a trial court theoretically retains some discretion with respect to the 'open court' provision, it is difficult to see how that discretion would apply in practice." (*Id.*, at p. 179.) That is especially true in the context of a section 666 charge, because the prior and the charged petty theft will always share elements common to all theft-related crimes.