[No. D008305. Fourth Dist., Div. One. Jan. 19, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT LEE HUCKS, Defendant and Appellant.

**COUNSEL**

David R. Thompson for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Maxine P. Cutler and Tim Nader, Deputy Attorneys General, and Craig E. Fisher, Deputy District Attorney, for Plaintiff and Respondent.

**OPINION**

**TODD, J.**—Robert Lee Hucks was convicted of one count of felony indecent exposure (Pen. Code,[1] § 314, subd. (1), with a prior conviction) and one count of soliciting and engaging in lewd and dissolute conduct in public (§ 647, subd. (a)). The trial court sentenced Hucks to one year and four months in prison on the indecent exposure count. Hucks appeals, contending it was prejudicial error to allow introduction into evidence of a prior felony conviction of indecent exposure.

### FACTS

At approximately 11 p.m. on June 25, 1987, Wendy B. looked outside her apartment window after hearing some moaning noises coming from the alley. She observed a man with his pants down around his ankles, masturbating. She called the police and provided a description of the man's clothing. After the police arrived, Wendy observed semen on the ground in the area of the alley she had seen the man masturbating. About 15 minutes later police apprehended Hucks about 4 blocks from Wendy's apartment. Hucks's clothing matched the description of clothing given by Wendy.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

Wendy was taken to the arrest scene for a "show-up." She identified Hucks as the man who was masturbating under her apartment window.

In an information filed October 19, 1987, the district attorney of San Diego County alleged Hucks was twice previously convicted of section 314, subdivision (1), (case Nos. CRV 7446 and CRV 11213). Before trial, Hucks objected to the use of his prior *felony* convictions of indecent exposure to elevate the current charge to a felony, arguing a prior misdemeanor conviction of indecent exposure, which was not alleged in the information, would suffice for this purpose and he was willing to admit the existence of such a prior misdemeanor conviction. However, the prosecution, relying on Proposition 8, insisted it had the right to prove the two prior felony convictions of indecent exposure.

Relying on *People* v. *Bennett* (1987) 188 Cal.App.3d 911 [233 Cal.Rptr. 729], the trial court overruled the defense objection. However, in connection with this issue, the trial court made the following rulings: (1) the prosecution would be allowed to introduce before the jury one prior felony conviction of its choice; (2) the prosecution could not introduce the second prior felony conviction for any purpose; (3) the trial court would provide the jury with a limiting admonition at the time the prior felony conviction was admitted into evidence; and (4) Hucks could admit one prior felony conviction.

Immediately before the close of the prosecution's case-in-chief, the prosecutor read the following stipulation to the jury:

"Ladies and Gentlemen of the jury, it's [*sic*] been stipulated between defense and I [*sic*] that—and under the allegation of count 1, that he had been previously convicted of [section] 314.1, that the defendant was previously convicted of a violation of Penal Code section 314.1, case number CRV 11213; that the incident occurred on June 6, 1986. He was subsequently convicted on August 15, 1986. The defendant has agreed to stipulate that in fact is true."

The trial court immediately admonished the jury, explaining the stipulation should be considered evidence that had been introduced for a limited purpose—namely, to show Hucks had committed a crime other than the current offense because commission of the earlier crime was an element of the current offense. Later, during jury instructions, the trial court again admonished the jury to consider the stipulated evidence only for limited purposes.

### DISCUSSION

The second sentence of article I, section 28, subdivision (f), of the California Constitution provides: "When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court." ■ At issue here is whether this constitutional mandate applies to felony prosecutions under section 314, subdivision (1), in which a charge of indecent exposure is elevated to a felony if the defendant had previously been convicted of indecent exposure or child molesting (§ 288),[2] when the defendant has suffered both prior misdemeanor convictions and prior felony convictions that qualify to elevate the current offense to a felony.

California courts have addressed the applicability of this constitutional provision to prosecutions involving charges of possession of a firearm by an ex-felon (§ 12021) and felony petty theft (§ 666), but not felony indecent exposure (§ 314, subd. (1), with a prior conviction). With respect to section 12021 prosecutions, the Supreme Court has settled the issue by holding the constitutional provision does apply. (*People* v. *Valentine* (1986) 42 Cal.3d 170, 181 [228 Cal.Rptr. 25, 720 P.2d 913].) However, the Supreme Court has not dealt with the applicability of the provision to section 666. In this vacuum, a split among various districts of the Courts of Appeal has developed as to whether the second sentence of article I, section 28, subdivision (f), applies to section 666.

Whether this constitutional provision applies to felony indecent exposure prosecutions is an issue of first impression. It appears both sides agree that this type of prosecution is analogous to a felony petty theft prosecution for purposes of deciding the applicability of the provision since each side argues on the basis of section 666 cases. Also, it is clear the felony-triggering mechanisms of sections 314 and 666[3] are similar.

---

[2] Section 314 provides: "Every person who willfully and lewdly, either: [¶] 1. Exposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby; or,

"2. Procures, counsels, or assists any person so to expose himself or take part in any model artist exhibition, or to make any other exhibition of himself to public view, or the view of any number of persons, such as is offensive to decency, or is adapted to excite to vicious or lewd thoughts or acts, is guilty of a misdemeanor.

"Every person who violates subdivision 1 of this section after having entered, without consent, an inhabited dwelling house, or trailer coach as defined in Section 635 of the Vehicle Code, or the inhabited portion of any other building, is punishable by imprisonment in the state prison, or in the county jail not exceeding one year.

"Upon the second and each subsequent conviction under subdivision 1 of this section, or upon a first conviction under subdivision 1 of this section after a previous conviction under Section 288, every person so convicted is guilty of a felony, and is punishable by imprisonment in state prison."

[3] Section 666 provides: "Every person who, having been convicted of petit theft, grand theft, auto theft under Section 10851 of the Vehicle Code, burglary, robbery, or a felony

We shall first review the split among the Courts of Appeal on the applicability of the second sentence of article I, section 28, subdivision (f), to section 666 prosecutions. Second, we shall compare section 314 and its felony-triggering mechanism to section 666 to determine if the two sections are analogous for purposes of considering whether the mandate of the constitutional provision is applicable. We also shall consider the peculiar circumstances of this case in which Hucks had suffered both prior misdemeanor convictions and prior felony convictions that would satisfy the felony-triggering mechanism of section 314, subdivision (1).

The "proof in open court" provision was directed at *People* v. *Hall* (1980) 28 Cal.3d 143 [167 Cal.Rptr. 844, 616 P.2d 826], which held that where a defendant offered to stipulate to the truth of a prior conviction that was an element of the charged crime, the court could not allow the prosecutor to present the prior conviction to the jury. (*People* v. *Valentine, supra,* 42 Cal.3d at p. 176; *People* v. *Bennett, supra,* 188 Cal.App.3d 911, 914.)

In *People* v. *Valentine, supra,* 42 Cal.3d at page 181, the Supreme Court held article I, section 28, subdivision (f), overruled the *Hall* holding that barred disclosure of stipulated ex-felon status to a jury trying a charge, when such status is an element of the charged crime. Hall was charged with being an ex-felon in possession of a concealed firearm (§ 12021) and the *Hall* court held that if the defendant offers to stipulate he is an ex-felon, the jury may not learn either the fact or the nature of the prior conviction. ■ In *People* v. *Valentine,* the Supreme Court held that under the new constitutional provision added by Proposition 8, regardless of whether the defendant enters into a stipulation, the jury must be advised that a defendant is an ex-felon when that is an element of the current charge; however, if the defendant stipulates to his ex-felon status, evidence of the nature of his prior convictions should be withheld from the jury. (*Id.* at pp. 173, 177.)

Thus, the issue is firmly settled for cases involving section 12021. However, as to prosecutions involving a prior conviction where the prior conviction is alleged to enhance punishment for the current offense, such as petty theft with a prior (§ 666), the *Valentine* court expressly declined to decide the effect of the Proposition 8 provision while noting two lines of authority in the Courts of Appeal. (*People* v. *Valentine, supra,* 42 Cal.3d at p. 181, fn. 6.)[4]

---

violation of Section 496 and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, is subsequently convicted of petit theft, then the person convicted of that subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison."

[4]The Supreme Court in *Valentine* also expressly declined to decide whether the second sentence of article I, section 28, subdivision (f), should be construed to include nonfelony priors. (*People* v. *Valentine, supra,* 42 Cal.3d at p. 181, fn. 5.)

In *People* v. *Callegri* (1984) 154 Cal.App.3d 856 [202 Cal.Rptr. 109], District Three held the language of article I, section 28, subdivision (f) was applicable to a defendant charged with section 666, thus requiring the jury to be informed of the fact of a stipulated prior felony conviction in a felony petty theft prosecution. The Second District adopted the *Callegri* interpretation in *People* v. *Bennett, supra*, 188 Cal.App.3d 911. However, in *People* v. *Ancira* (1985) 164 Cal.App.3d 378 [210 Cal.Rptr. 527], District One held the language in subdivision (f) is not applicable to prosecutions under section 666 and, therefore, a defendant charged with section 666 can stipulate to the existence of a prior conviction, thereby precluding its presentation in any fashion to the jury.

Both *Callegri, supra*, and *Bennett, supra*, involved prior felony convictions while in *Ancira, supra*, the defendant had both prior misdemeanor and felony convictions that would satisfy the felony-triggering aspect of section 666. *Ancira* wanted to stipulate to his misdemeanor petty theft prior conviction in order to preclude the prosecutor from introducing any evidence of his prior felony convictions for burglary. ■■■ Thus, it is clear that on a factual basis, *Ancira* is closest to the facts in this case, in which Hucks sought to stipulate to a prior misdemeanor indecent exposure conviction to preclude the prosecution from introducing evidence of his prior felony indecent exposure convictions. However, for the following reasons, we conclude the *Ancira* analysis is wrong, and we decline to follow it.

In *People* v. *Ancira, supra*, 164 Cal.App.3d 378, the court's rationale focused on the fact that under section 666 a prior misdemeanor theft-related conviction (e.g., petty theft) as well as a prior felony theft-related conviction (e.g., burglary) could result in a felony petty theft charge. Hence, the *Ancira* court concluded any felonious nature of a prior theft-related conviction was irrelevant and the existence of a *prior felony conviction* was not an element of the offense of felony petty theft. Therefore, the *Ancira* court held the second sentence of article I, section 28, subdivision (f), which includes the language " '[w]hen a prior conviction is an element,' " did not apply to prosecutions under section 666. (164 Cal.App.3d at p. 381.) The *Ancira* court said the Constitutional provision "applies only where a prior felony conviction is a required element of the charged offense." (*Ibid.*) In reaching this conclusion, the *Ancira* court relied on an old line of authority that held a prior conviction under section 666 may be the subject of a stipulation precluding its presentation to the jury. (*Id.* at p. 380.)

Among the cases cited by the *Ancira* court was *People* v. *Gallinger* (1963) 212 Cal.App.2d 851 [28 Cal.Rptr. 472], which stated "prosecutions [for violations of section 666] should be conducted as if the former misdemeanor conviction is not an element of the crime of felony." (*Id.* at p. 856.)

However, Gallinger was expressly overruled by *People* v. *Hall, supra*, 28 Cal.3d at page 156. *Hall* also stated that in section 666 prosecutions, as in section 12021 prosecutions, "the prior is an essential component of the felony." (28 Cal.3d at p. 156.) Nothing in Proposition 8 abrogates this part of *Hall.* (See this court's opinion in *People* v. *Johnson* (1988) 199 Cal.App.3d 868, 872-873 [245 Cal.Rptr. 242], in which we (1) rejected the notion that *Gallinger* should be read as substantively holding the prior conviction is not an element of section 666 and (2) observed that even if *Gallinger* did stand for that proposition, it was overruled in *Hall.*) Thus, a major premise of the *Ancira* holding—i.e., its reliance on the *Gallinger* line of authority that a prior conviction is not an element of section 666—is suspect.

As we see it, the *Ancira* court misconstrued the second sentence of article I, section 28, subdivision (f), by reading it too narrowly in considering its application to crimes that have a felony-triggering aspect. (164 Cal.App.3d 378.) The *Ancira* court would apply the constitutional provision *only* if the felony-triggering mechanism is set off *only* by a prior *felony* conviction. ■ We do not subscribe to such a narrow reading of the constitutional language: "*When* a prior felony conviction is an element of any felony . . . ." (Cal. Const., art. I, § 28, subd. (f), italics added.) The language applies whenever there is a statutory basis for a defendant's prior felony conviction to elevate the current offense to felony status even if the felony prior conviction is not the only basis. For example, under section 666, the offense of petty theft is elevated to felony status if the defendant has a prior conviction of any one of various theft-related crimes, some of which are felonies and some of which are misdemeanors. If the defendant's *only* prior conviction is for one of the statutory misdemeanors, the constitutional provision has no relevance since no felony prior conviction exists to be charged. But, if as here, the defendant has been charged with a prior felony conviction that is one of the statutory predicates for elevating the current offense to felony status, then the constitutional provision applies.[5]

---

[5] Finally, we note the holding in *Ancira* largely depends on the following language: "Had the drafters of Proposition 8 intended otherwise, they would have crafted the disputed provision differently (e.g., 'When a prior conviction is an element . . . .') . . . ." (*People* v. *Ancira, supra*, 164 Cal.App.3d at p. 381.) This point, however, loses much of its persuasive force when we consider the observation by the Supreme Court in *Valentine* that the wording of Proposition 8 in this regard was inadvertent and did not represent an intent by the drafters of Proposition 8 to limit the provision to felony priors. The *Valentine* court noted the "section 28(f)'s limitation to *felony priors* stems from chronological happenstance. Nonfelony priors were added to section 12021 in April 1982 [citation], after Proposition 8 had already been circulated for signatures. Any resulting discrimination between felony and nonfelony priors appears entirely inadvertent." (*People* v. *Valentine, supra*, 42 Cal.3d at p. 181, fn. 5.)

We agree with *People* v. *Bennett* in which District Two characterized the reasoning of *Ancira* as circular. (*Bennett, supra,* 188 Cal.App.3d at p. 915.)[6] The *Bennett* court, relying on *Hall, supra,* and *Valentine, supra,* noted that under section 666, the theft-related prior is ". . . 'an *essential component* of the felony,'" whereas under section 12021 "*any* felony will do." (*Bennett, supra,* 188 Cal.App.3d at p. 915, original italics.) ■ Thus, in a section 12021 prosecution, the nature of the prior felony conviction is irrelevant, whereas in a section 666 prosecution, the nature of the prior theft-related conviction is relevant. The *Bennett* court held in section 666 prosecutions "a defendant may not avoid the mandate of section 28, subdivision (f), by stipulating to his theft-related prior felony conviction." (*Ibid.*) The *Bennett* court went on to say: "Although our Supreme Court held in *Valentine* (at pp. 181-182) that the *nature* of the prior felony conviction may not be proven because it is irrelevant to a section 12021 charge (since *any* felony will do), where, as here, a defendant is charged with a violation of section 666, the theft-related nature of the prior felony may be proven since it is relevant to the charge." (*Ibid.*, original italics, fn. omitted.)

■ Moreover, we believe *Bennett* is the better reasoned analysis because it is clear the constitutional provision was intended to prevent defendants from using stipulations to foreclose the introduction of prior convictions in jury trials. "The intent of the People in enacting that portion of sub[division] (f) of section 28 is crystal clear—to override the holding of *Hall* and mandate that a prior felony be made known to the trier of fact when such priors are an element of the offense." (*People* v. *Callegri, supra,* 154 Cal.App.3d at p. 867.) The practice of stipulating to a prior conviction to avoid having it proven before the trier of fact allows the defendant in a section 666 prosecution to appear to the jury to be a first-time offender rather than a recidivist. Not only is this contrary to the intent of Proposition 8, it is contrary to the aim of section 666, which is to punish recidivism. We believe the fact that the defendant is not a first-time offender is probative in such cases and under Proposition 8 such a fact is legitimately brought before the jury in this type of prosecution. In this regard, we find it significant that in addition to subdivision (f), section 28 of article I of the Constitution contains subdivision (d), which provides, with certain exceptions not pertinent here, "relevant evidence shall not be excluded in any criminal proceeding . . . ."[7]

Having concluded that the *Bennett* interpretation on the applicability of the second sentence of article I, section 28, subdivision (f), to section 666

---

[6]Most recently in *People* v. *Church* (1989) 215 Cal.App.3d 1151, 1161 [264 Cal.Rptr. 49], the court expressed its agreement with the principles expressed in *Bennett.*

[7]This section, known as the "Right to Truth-in-Evidence" provision, was also added to the Constitution by Proposition 8.

prosecutions is correct, we consider whether it should also apply to prosecutions of felony indecent exposure.

As the court in *Ancira, supra,* 164 Cal.App.3d at page 381, correctly pointed out, the purpose of section 666 is to provide extra punishment for recidivist thieves. Similarly, the crime of indecent exposure is elevated from a misdemeanor to a felony "[u]pon the second and each subsequent conviction . . . ." (§ 314.) ▮ In *People* v. *Truett* (1981) 126 Cal.App.3d 156, 164 [178 Cal.Rptr. 535], this court observed: "No ground exists for concluding that the repeated offense of indecent exposure may not be classified by the Legislature as a felony." We now find the purpose of such classification in section 314 is to provide extra punishment for recidivist behavior in this area. In that regard, the crimes of felony petty theft and felony indecent exposure are analogous. Common to both crimes is a felony-triggering mechanism of a prior conviction of a similar offense. This commonality justifies extending the *Bennett, supra,* interpretation on the applicability of the Proposition 8 provision to felony indecent exposure prosecutions.

Here, Hucks was charged with two prior felony convictions of indecent exposure in the information. His prior misdemeanor indecent exposure convictions were not charged. He sought to stipulate to the existence of the uncharged prior misdemeanor convictions to avoid having the prior felony convictions proven before the jury. ▮ We find that where the charged prior conviction is a felony, it is irrelevant that the defendant also has a prior misdemeanor conviction that also would serve to fulfill the felony-triggering aspect of the current offense. Accordingly, we hold if, as here, the prosecution charges the prior felony conviction, then article I, section 28, subdivision (f), should be applicable when the charged prior felony is an element of the current felony offense.

To conclude otherwise would be to invade "what is clearly the province historically of the public prosecutor" in deciding what charges to file. (*People* v. *Adams* (1974) 43 Cal.App.3d 697, 707 [117 Cal.Rptr. 905].) We find no basis here for interfering with the traditional exercise of prosecutorial discretion in the filing of criminal charges. (See *People* v. *Sidener* (1962) 58 Cal.2d 645, 650 [25 Cal.Rptr. 697, 375 P.2d 641], overruled on another point in *People* v. *Tenorio* (1970) 3 Cal.3d 89, 91 [89 Cal.Rptr. 249, 473 P.2d 993].)[8]

---

[8] We also note *Ancira, supra,* 164 Cal.App.3d 378, did not address the issue of prosecutorial discretion.

## DISPOSITION

Judgment affirmed.

Kremer, P. J., and Wiener, J., concurred.