[No. A072142. First Dist., Div. Four. Oct. 31, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
DONAL M. MERKLEY, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

474

## Counsel

Christine Dubois, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman and Violet M. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

HANLON, J.—Donal M. Merkley (appellant) appeals from a judgment of conviction upon a jury verdict finding him guilty of indecent exposure (Pen. Code,[1] § 314) and possession of cocaine (Health & Saf. Code, § 11350). Prior to trial, appellant admitted that he suffered a prior "strike" conviction for lewd or lascivious acts with a child under the age of 14 (§§ 288, 667). He also admitted that he failed to register as a sex offender after that conviction (§ 290, subd. (g)(1)). Appellant contends that the trial court erred in admitting evidence of his prior conviction and that it erroneously instructed the

---

[1]Unless otherwise indicated, all statutory references are to the Penal Code.

jury pursuant to CALJIC No. 2.03. These contentions are meritorious and require reversal of the indecent exposure conviction.

FACTS

The evidence presented to the jury showed that on December 3, 1994, at approximately 4:50 a.m., Angela Stoltman was driving her truck to work in Petaluma. As she approached the intersection of East Washington and Ellis Streets, she observed appellant and made eye contact with him. Appellant, who was wearing a jogging suit, then pulled his shirt up and his pants down, exposing his flaccid penis. Stoltman continued to drive to work. When she arrived at work, she called the police to report the incident because she was offended by it.

Sergeant Vail Bello was on patrol in the area and was contacted by dispatch to investigate. Bello made contact with appellant as he was walking on East Washington Street. Appellant did not show any signs of being intoxicated. After talking to appellant, Bello permitted him to leave.

Several days later, Officer Dennis Nowicki showed Stoltman a photographic lineup. She identified appellant as the person who exposed himself to her. Appellant was subsequently arrested and consented to a search of his apartment. In that search, the police found .27 grams of cocaine in appellant's bedroom closet.

Following the presentation of the People's evidence, the parties stipulated that appellant was convicted of committing lewd and lascivious acts with a child under the age of 14 on August 11, 1992, in violation of section 288.

In defense, appellant testified that on December 2, he was distressed and spent the evening drinking with his friend, Bruce McMillan. They talked and drank until about 4:30 the next morning. Appellant then left McMillan's house. He did not use the bathroom before leaving because he did not want to disturb McMillan's wife. As he walked home, he decided to urinate and he stopped at the corner near some newspaper racks. As he pulled down his pants, he was startled by the sound of a truck coming up behind him. He turned towards the sound and saw the truck.

McMillan, appellant's friend, testified and confirmed that appellant was depressed on December 2 and that they had spent the evening drinking and talking. McMillan and his wife, Lisa McClintock, also testified about an experiment they conducted at the corner of East Washington and Ellis streets. McClintock drove by in her truck while McMillan stood on the street

corner. McMillan testified that it was nearly impossible to see who was in the truck.

DISCUSSION

I.

■ The parties entered into the stipulation regarding appellant's prior conviction after the trial court denied appellant's motion *in limine* to preclude the jury from learning of the offense. The trial court relied on *People v. Hucks* (1990) 217 Cal.App.3d 260, 269 [266 Cal.Rptr. 169], which held that the prior conviction in a section 314 offense is an element of the charge that must be proven in open court. In making its determination, the *Hucks* court noted that the enhancement provision of the petty theft statute was analogous to that of the indecent exposure statute and the court relied on cases which had addressed the issue in petty theft cases. (217 Cal.App.3d at pp. 264-269.) *Hucks*, however, was decided before the California Supreme Court's decision in *People v. Bouzas* (1991) 53 Cal.3d 467 [279 Cal.Rptr. 847, 807 P.2d 1076]. ■ In *Bouzas* the court addressed the conflict in the courts of appeal on the issue and determined that a defendant charged with petty theft with a prior (§ 666) could stipulate to the prior conviction to prevent the jury from learning of the prior conviction. The conflict in the courts arose because of differing interpretations on the effect of article I, section 28, subdivision (f) of the California Constitution which was added in 1982 and provides: "When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court." (See *People v. Bouzas, supra*, at pp. 476-478.) The *Bouzas* court cited *Hucks* as embracing the view that article I, section 28, subdivision (f) of the Constitution precluded a defendant from stipulating to a prior felony in a section 314 case, noting that section 314 was an " 'enhancement' " statute similar to section 666. (53 Cal.3d at p. 477.) The *Bouzas* court ultimately rejected that view and concluded that ". . . the prior conviction and incarceration requirement of section 666 is a sentencing factor for the trial court and not an 'element' of the section 666 'offense' that must be determined by a jury." (*Id.* at p. 480.) ■ As the Attorney General concedes, in light of the *Bouzas* decision, *Hucks* can no longer be considered good law. The prior conviction allegation in a section 314 charge is a sentencing factor to be determined by the court and not an element of the indecent exposure offense. Although acknowledging that the trial court erred in admitting appellant's prior conviction into evidence, the Attorney General argues that the error was harmless. Our review of the record convinces us, however, that appellant was prejudiced by the error.

The jury learned not only that appellant had suffered a prior conviction but also that he was convicted of lewd and lascivious acts with a child under

the age of 14. This fact was brought home to the jury not once but numerous times during the trial. The trial court initially informed the jury in its prefatory instructions that it would learn during the course of the trial that appellant suffered a prior conviction for a section 288 offense. At the conclusion of the People's evidence, the stipulation concerning the prior conviction was read to the jury. Then, during appellant's cross-examination, the prosecutor referred to appellant's probationary status by asking him, "[a]nd isn't it fair to say that when you're on probation for a sex-related offense, you need to be pretty careful about your conduct?" Further, the court's instructions and the closing arguments of both the prosecutor and defense counsel informed the jury that they could consider evidence of appellant's prior conviction for the purpose of evaluating his credibility.[2] Finally, in closing her argument, the prosecutor concluded: "Well, the legislature in your state has made a determination that if someone is con- victed of lewd and lascivious conduct with a child under age 14 and then commits an act of indecent exposure, that we are deeming it—the legislature is deeming that offense a felony. And that is what happened in this case. We have a man who was convicted of that charge, who has now committed an indecent exposure, he has committed a felony under the laws of this state." The case against appellant was not strong. There was no evidence that appellant made any gestures to the victim during the incident and there was no evidence from which it could be inferred that he was aroused by it. Moreover, appellant's defense, that he was about to urinate when he heard the truck, was not implausible. On these facts, we conclude that in the absence of evidence of appellant's prior conviction, it is reasonably probable that appellant might have obtained a favorable verdict. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836-837 [299 P.2d 243].)

II.*

. . . . . . . . . . . . . . . . . . . . . . . . .

III.

■ Appellant requests that this matter be remanded for resentencing pursuant to *People* v. *Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 530-531, fn. 13 [53 Cal.Rptr.2d 789, 917 P.2d 628], in order to permit the trial court to exercise its discretion under section 1385 as to the prior

---

[2]By this discussion we do not intend to preclude the use of a properly admitted prior conviction for purposes of impeachment. We recognize that a felony conviction that neces- sarily involves moral turpitude may be used to impeach a defendant subject to the trial court's discretion under Evidence Code section 352. (*People* v. *Castro* (1985) 38 Cal.3d 301, 306 [211 Cal.Rptr. 719, 696 P.2d 111].)

*See footnote, *ante*, page 472.

"strike." Although the record does not affirmatively demonstrate that the trial court misunderstood its sentencing discretion (see *People* v. *Davis* (1996) 50 Cal.App.4th 168, 172 [57 Cal.Rptr.2d 659]), we remand this cause for resentencing due to the reversal of the indecent exposure conviction which will allow the trial court to consider whether to exercise its power under section 1385 to strike the prior.

## DISPOSITION

The judgment of conviction of indecent exposure is reversed. The judgment is otherwise affirmed and the cause is remanded to the trial court for resentencing in accordance with the foregoing.

Anderson, P. J., and Reardon, J., concurred.

A petition for a rehearing was denied December 2, 1996.